# Exhibit A

# COMPLAINT AND SUMMONS



**null / ALL**
**Transmittal Number: 28998210**
**Date Processed: 04/26/2024**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Brianne H. Porter<br>Sherman Capital Markets, LLC<br>200 Meeting St<br>Ste 206<br>Charleston, SC 29401-3187 |

| | |
|---|---|
| **Entity:** | FNBM, LLC<br>Entity ID Number  3235058 |
| **Entity Served:** | FNBM LLC |
| **Title of Action:** | Luis A. Rodriguez-Ocasio vs. MHC Receivables LLC |
| **Matter Name/ID:** | Luis A. Rodriguez-Ocasio vs. MHC Receivables LLC (15627886) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Essex County Superior Court, NJ |
| **Case/Reference No:** | ESX-L-002788-24 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 04/26/2024 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Kim Law Firm LLC<br>201-273-7117 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Yongmoon Kim (NJ Atty. ID #026122011)
ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiffs Luis A. Rodriguez-Ocasio and Felicia Ann Earle*

| | |
|---|---|
| LUIS A. RODRIGUEZ-OCASIO and FELICIA ANN EARLE, *on behalf of themselves and those similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>MHC RECEIVABLES LLC;<br>FNBM LLC;<br>CREDIT ASSET SALES LLC;<br>RESURGENT ACQUISITIONS LLC;<br>LVNV FUNDING LLC; and<br>JOHN DOES 1 to 10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY<br><br>Civil Action<br><br>Docket No. ESX-L-2788-24<br><br>**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiffs, named above, have filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorneys whose names and addresses appear above, or to plaintiffs, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear

Date Served: 4/26/2024
Time Served: 1:20 P.M
By Server: EL
10940419

your defense.

      If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiffs demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

      If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: April 26, 2024

*/s/ Michelle M. Smith*
Michelle M. Smith
Clerk of the Superior Court of New Jersey

Name of Defendant to be served:    **FNBM LLC**

Address of Defendant to be served:    **c/o Corporation Service Company**
**251 Little Falls Drive**
**Wilmington, Delaware 19808**

```
ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK            NJ 07102
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:  APRIL 24, 2024
                    RE:    RODRIGUEZ-OCASIO LUIS  VS MHC RECEIVABLES LLC
                    DOCKET: ESX L -002788 24

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE MANAGING JUDGE ASSIGNED IS:  HON KEITH E. LYNOTT

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (973) 776-9300 EXT 57184.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                            ATT: YONGMOON KIM
                            KIM LAW FIRM LLC
                            411 HACKENSACK AVE STE 701
                            HACKENSACK       NJ 07601

ECOURTS
```

# Civil Case Information Statement

### Case Details: ESSEX | Civil Part Docket# L-002788-24

**Case Caption:** RODRIGUEZ-OCASIO LUIS VS MHC RECEIVABLES LLC

**Case Initiation Date:** 04/23/2024

**Attorney Name:** YONGMOON KIM

**Firm Name:** KIM LAW FIRM LLC

**Address:** 411 HACKENSACK AVE STE 701 HACKENSACK NJ 07601

**Phone:** 2012737117

**Name of Party:** PLAINTIFF : Rodriguez-Ocasio, Luis, A

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Luis A Rodriguez-Ocasio?** NO

**Are sexual abuse claims alleged by: FELICIA A EARLE?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
　　　　**If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
　　　　**If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** YES
**Medical Debt Claim?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/23/2024
Dated

/s/ YONGMOON KIM
Signed

Yongmoon Kim (NJ Atty. ID #026122011)
ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117

*Attorneys for Plaintiffs Luis A. Rodriguez-Ocasio and Felicia Ann Earle*

| | |
|---|---|
| LUIS A. RODRIGUEZ-OCASIO and FELICIA ANN EARLE, *on behalf of themselves and those similarly situated*, <br><br> Plaintiffs, <br><br> vs. <br><br> MHC RECEIVABLES LLC; FNBM LLC; CREDIT ASSET SALES LLC; RESURGENT ACQUISITIONS LLC; LVNV FUNDING LLC; and JOHN DOES 1 to 10, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY <br><br> Civil Action <br><br> Docket No. <br><br><br> **CLASS ACTION COMPLAINT and JURY DEMAND** |

## NATURE OF THE CASE

1.       This is a putative class action arising from Defendants' unlawful purchase and enforcement of alleged consumer debts when MHC Receivables LLC; FNBM LLC; Credit Asset Sales LLC ("Unlicensed Defendants"), failed to first obtain a license to engage in business as a consumer lender or sales finance company, as required by the New Jersey Consumer Finance Licensing Act ("NJCFLA"),[1] at N.J.S.A. 17:11C-3. As a result of their unlicensed status, the credit accounts became void and unenforceable as of the dates the Defendants allegedly took

---

[1] N.J.S.A. 17:11C-1 to -49

assignment of them, pursuant to the NJCFLA, at N.J.S.A. 17:11C-33(b).

2.      Plaintiffs and the putative class members are New Jersey consumers against whom Defendants have unlawfully enforced consumer debts after unlawfully taking assignment of them.

3.      Thus, Plaintiffs bring this action on behalf of themselves and a class of other New Jersey consumers whose consumer debts were purchased and/or enforced by Defendants when the debts are void, seeking relief under the Consumer Fraud Act ("CFA") and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, including a declaratory judgment that the credit account contracts are void and unenforceable, that the state court judgments obtained on unlawful debts are void and unenforceable, and an injunction against any further attempts to enforce the credit account contracts in any manner.

4.      Additionally, Plaintiffs seek monetary damages on behalf of a class of consumers from whom Defendants collected or attempted to collect any money on the void and unenforceable consumer debts, including treble damages under the CFA.

5.      The claims of Plaintiffs and the proposed class are directly related to Defendants' collection efforts.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction to entertain this matter.

7.      Venue in this action is proper in Essex County because Defendants regularly conduct business here, including the collection of void debts from, and the filing of collection actions against, New Jersey residents residing in this County.

## PARTIES

8.      Plaintiff, Luis A. Rodriguez-Ocasio ("Rodriguez-Ocasio"), is a natural person

residing in Georgia.

9.      Plaintiff, Felicia Ann Earle ("Earle"), is a natural person residing in Passaic County, New Jersey.

10.     At all times relevant to this lawsuit, Plaintiffs were a citizen of the State of New Jersey.

11.     Defendant MHC Receivables LLC, ("MHC") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 200 Meeting Street, Charleston, South Carolina 29401-3156.

12.     Defendant FNBM L.L.C. ("FNBM") is a limited liability company with its principal place of business at 278 Trenton Avenue, Paterson New Jersey, 07503.

13.     Defendant Credit Asset Sales LLC ("CAS") is a limited liability company organized under the laws of the State of Delaware.

14.     Defendant Resurgent Acquisitions LLC ("Resurgent") is a limited liability company with its principal place of business at 355 S Main Street, Suite 300-H, Greenville, South Carolina 29601.

15.     Defendant LVNV Funding, LLC ("LVNV"), is a foreign limited liability company with its principal place of business at 355 S Main Street, Suite 300-D, Greenville, South Carolina 29601.

16.     The Plaintiffs are informed and believe, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those defendants

personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint. Those fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

17.    Some or all of John Does 1-10 set the policies and practices complained of herein.

18.    Some or all of John Does 1-10 were actively engaged in the practices complained of herein.

19.    In this pleading, "Defendants" in the plural refers to all Defendants.

FACTUAL ALLEGATIONS

A.    Allegations regarding Defendants' practices generally

20.    Defendants are in the business of purchasing and taking assignment of defaulted credit accounts originally extended by other creditors, which it then enforces against the borrowers through collection letters, lawsuits, and post-judgment collection efforts. This is their principal business.

21.    In the course of their business, Defendants have purchased and taken assignment of numerous defaulted accounts originally extended by banks or others to New Jersey consumers which were primarily for personal, household, or family purposes.

22.    In the course of their business, Defendants have allegedly purchased and taken assignment of numerous defaulted debts originally extended by banks or others to New Jersey consumers which were primarily for personal, household, or family purposes.

23.    When attempting to collect debts, Defendants use the mail, telephone, the internet and other instruments of interstate commerce.

24.     Defendants purchase past-due and defaulted consumer accounts for pennies on the dollar, and then attempts to collect those accounts itself or through other collection agencies or debt collectors.

25.     Defendants have asserted that Plaintiffs incurred or owed a certain financial obligation originating and which arose from one or more transactions which were primarily for the Plaintiffs' personal, family, or household purposes. ("Debt" or "Account").

26.     The Maryland Court of Appeals described the debt buying industry, consisted of players like the Defendants in this case, as follows:

THE DEBT-BUYING INDUSTRY

> Traditionally, when a borrower or customer failed to pay a debt on time, the creditor would do what was needed to collect the debt either by engaging with the debtor directly or by employing an attorney or outside debt collector to do so. That still occurs, of course, but a new business model that first developed in the late 1980s has become predominant in the debt collection universe, largely because (1) so much of the debt arrearage in the United States, and in Maryland, is credit card debt, and (2) Federal banking regulations require credit card companies that are bank-related to charge off credit card debt that has been delinquent for six months.

> The new model, for those companies, and others, is to sell their delinquent accounts to debt buyers for pennies on the dollar — normally between four and five cents but less for older accounts — and thereby recoup at least something without having to bear the expense of further collection efforts. The sales are in bulk. A three-year study by FTC revealed the sale of more than 5,000 "portfolios" containing nearly 90 million consumer accounts with a face value of $143 billion at a cost of $6.5 billion. *2013 FTC Report* at ii, 8, and Table 2.

> While beneficial to the initial creditor in light of the charge-off requirement and lucrative to the debt buyer, the manner in which this new model developed and debt buyers carried on their business created significant consumer protection issues. In its 2013 Report, based in part on a 2009 Study, FTC observed that it received "more consumer complaints about debt collectors, including debt buyers, than about any other single industry." *2013 FTC Report* at

> i. *See* also *Collecting Consumer Debts - The Challenges of Change, A Workshop Report*. Federal Trade Commission, February 2009 (hereafter *2009 FTC Report*).
>
> In its 2013 Report, FTC noted that, in its 2009 Report, it had expressed concern that debt buyers "may have insufficient or inaccurate information when they collect on debts, which may result in collectors seeking to recover from the wrong consumer or recover the wrong amount." *2013 FTC Report*. The Commission found that, although debt buyers normally receive from the initial creditor the information needed to be disclosed to the debtor under the Federal Debt Collection Practices Act (15 U.S.C. § 1692g) they often do not receive data relating to disputes raised by the debtor or a breakdown of how much of the debt is for interest, fees, or penalties, and that they rarely disclose to the debtor other information, such as data indicating that collection may be barred by limitations, that may be relevant to whether the alleged debtor is the actual debtor or owes the money and, if so, how much. *2013 FTA Report* at iii-iv.

*LVNV Funding LLC v. Finch*, 207 A.3d 202, 206 (Md. 2019).

27.    All or substantially all of the accounts of which Defendants took assignment of extended credit less than $50,000 and provided for rates of interest and/or other charges beyond those authorized by the New Jersey Consumer Finance Licensing Act, at N.J.S.A. 17:11C-1 to -49 for licensed consumer lenders.

28.    In the course of their business, Defendants have enforced its assigned accounts against New Jersey consumers through collection letters, lawsuits, and post-judgment collection efforts.

29.    Significant amounts of these accounts are "retail charge accounts" as defined at N.J.S.A. 17:16C-1(r).

30.    By purchasing and taking assignment of the accounts, Defendants acted as "sales finance compan[ies]" as defined at N.J.S.A. 17:16C-1(f).

31.    By purchasing, taking assignment of, and/or enforcing the accounts, Defendants engaged in the "consumer loan business" as defined at N.J.S.A. 17:11C-2.

32.     During all times relevant to this action, MHC, FNBM, CAS were not licensed as "sales finance company[ies]" or "consumer lender[s]" pursuant to the NJCFLA, at N.J.S.A. 17:11C-3.

33.     The Debts arose from one or more transactions which were primarily for the Plaintiffs' personal, family, or household purposes.

34.     The debts alleged to be owed by Plaintiffs and those similarly situated were incurred for personal, family or household purposes.

35.     Defendants contend that the accounts were past-due and in default when they attempted to acquire them.

36.     The Accounts were allegedly assigned to Defendants for collecting the Debts.

37.     Defendants contend that the accounts were past-due and in default when they were placed with or assigned to Defendants for collection.

**B.      Plaintiff Rodriguez-Ocasio**

38.     Sometime prior to the date this action was filed, Defendants allegedly purchased and attempted to take assignment of a consumer account that had allegedly been extended to Plaintiff Rodriguez-Ocasio ("LRO Account" or "LRO Debt").

39.     The LRO Account was used for personal, family, or household purposes.

40.     Plaintiff Rodriguez-Ocasio used his LRO Account for personal, family, or household purposes.

41.     Defendants allege Plaintiff Rodriguez-Ocasio defaulted on the LRO Account.

**C.      Plaintiff Earle**

42.     Sometime prior to the date this action was filed, Defendants allegedly purchased and attempted to take assignment of a consumer account that had allegedly been extended to

Plaintiff Earle ("FAE Account" or "FAE Debt").

43.    The FAE Account was used for personal, family, or household purposes.

44.    Plaintiff Earle used the FAE Account for personal, family, or household purposes.

45.    Defendants allege Earle defaulted on the FAE Account.

46.    Defendants allegedly purchased a pool of defaulted consumer accounts, including the accounts mentioned above.

47.    Defendants purchased the pool of defaulted consumer accounts, including the accounts, for pennies on the dollar.

48.    The accounts were past-due and in default when it was placed with or assigned to Defendants for collection.

49.    Upon information and belief, after Defendants purchased the pool of defaulted consumer accounts, Defendants unlawfully assessed interest on the accounts.

50.    In an attempt to collect the accounts, upon information and belief, Defendants reported the account to the three major credit reporting agencies.

51.    Defendants commenced the collection activities against Plaintiffs, including dunning and suing Plaintiffs, when the debts were void since MHC, FNBM and CAS were not properly licensed to do so under the New Jersey Consumer Finance Licensing Act or any other New Jersey consumer lending statute.

52.    In an attempt to collect the consumer debt allegedly owed by Plaintiffs, Defendants filed collection lawsuits against each Plaintiff.

53.    By failing to inform Plaintiffs that the debts were void because MHC, FNBM and CAS were not licensed under the NJCFLA, Defendants frustrated Plaintiffs' abilities to make an informed decision with respect to their responses to Defendants' collection letter and collection

lawsuits and deprived Plaintiffs of their right to enjoy the protections and benefits provided by the NJCFLA, CFA, and the FDCPA.

54.     Defendants commenced the collection activities against Plaintiffs, including dunning Plaintiffs, when the debts were void.

55.     Plaintiffs were deceived and threatened into retaining attorneys because Defendants sued Plaintiffs while hiding material information—that the Debts were void pursuant to the NJCFLA—to Plaintiffs and the court.

56.     By purchasing and taking assignment of the accounts, MHC, FNBM and CAS engaged in the "consumer loan business" as defined at N.J.S.A. 17:11C-2 ("Any person directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business").

57.     By purchasing and taking assignment of the accounts, MHC, FNBM and CAS acted as a "sales finance company" as defined at N.J.S.A. 17:16C-1(f).

58.     Defendants never informed Plaintiffs and the court that MHC, FNBM and CAS were not licensed under the NJCFLA.

59.     Defendants never informed Plaintiffs and the court that the debts were void pursuant to the NJCFLA.

60.     Defendants represented to Plaintiffs that they were collecting on a valid debt.

61.     Defendants represented to Plaintiffs that they were the lawful creditors.

62.     Defendants' enforcement of the accounts were unauthorized and unlawful because MHC, FNBM and CAS did not have licenses to engage in business as a "sales finance company" or a "consumer lender" pursuant to the NJCFLA, at N.J.S.A. 17:11C-3.

63.     The Debts were void upon assignment to MHC, FNBM and CAS, pursuant to N.J.S.A. 17:11C-33(b).

**D.      The Class**

64.     During the period beginning from six years prior to the date when Plaintiffs' Complaint was filed, numerous New Jersey consumers were subject to unlawful collection attempts by Defendants when the debts were void under the New Jersey Consumer Finance Licensing Act.

65.     During the period beginning from six years prior to the date when Plaintiffs' Complaint was filed, Defendants collected money from numerous New Jersey consumers on accounts assigned to Defendants when the debts were void under the New Jersey Consumer Finance Licensing Act.

66.     During the period beginning from six years prior to the date when Plaintiffs' Complaints was filed, numerous New Jersey consumers made payments to Defendants on accounts assigned to Defendants when the debts were void under the New Jersey Consumer Finance Licensing Act.

67.     During the period beginning from six-year prior to the date when Plaintiffs' Complaint was filed, Defendants attempted to collect money from Plaintiffs and numerous New Jersey consumers on accounts acquired when MHC, FNBM and CAS were not properly licensed.

68.     During the period beginning from six-year prior to the date when Plaintiffs' Complaint was filed, the accounts that Defendants allegedly purchased were void upon assignment to Assignor Defendants, pursuant to N.J.S.A. 17:11C-33(b).

## CLASS ACTION ALLEGATIONS

69.     Plaintiffs bring this action individually and as a class action on behalf of all others

similarly situated pursuant to Rule 4:32 of the New Jersey Rules of Court.

70.     Subject to discovery and further investigation which may require Plaintiffs to

modify the following class definition at the time Plaintiffs move for class certification, Plaintiffs

seek certification of a class and subclasses initially defined as follows:

> **Class**: All natural persons with addresses in the State of New Jersey
> who are listed as the borrower or purchaser in an account assigned
> to MHC Receivables LLC, FNBM LLC, Credit Asset Sales LLC,
> Resurgent Acquisitions, LLC, LVNV Funding LLC, or any of its
> sister or parent entities, at any time the respective entity was not
> licensed under the New Jersey Consumer Finance Licensing Act,
> who were subject to collection including collection emails,
> collection letters, collection calls/texts, collection actions, and credit
> reporting on or after April 23, 2018 (six year prior to the date this
> complaint is filed).

> **Payment Subclass**: All members of the Class who paid any
> money or from whom any of the above entities, or any of
> their sister or parent entities, directly or indirectly through
> their agents, collected any money on the assigned account.

> **FDCPA Subclass**: All members of the Class who were
> subject to collection beginning April 23, 2023, through and
> including the date this case is certified as a class action.

71.     Plaintiffs seek to recover declaratory relief on behalf of the class and attorney's

fees and costs to the extent allowed by law.

72.     Plaintiffs seek to recover statutory damages, actual damages, restitution and

attorney's fees and costs on behalf of themselves and all class members under the claims asserted

herein to the extent allowed by law.

73.     The Class and Subclass for whose benefit this action is brought is so numerous

that joinder of all members is impracticable.

74.     There are questions of law and fact common to the members of the Class and

Subclass that predominate over questions affecting only individuals, including but not limited to:

> A.      Whether Defendants are "persons" subject to the requirements of the CFA;
>
> B.      Whether Defendants' assessment of interest and attempted collection of consumer debts from Plaintiffs and those similarly situated constitutes the subsequent performance of the sale of merchandise within the meaning of the CFA at N.J.S.A. 56:8-2;
>
> C.      Whether Defendants' assessment of interest and attempted collection of consumer debts from Plaintiffs and those similarly situated was made in connection with of the sale of merchandise within the meaning of the CFA at N.J.S.A. 56:8-2;
>
> D.      Whether Defendants' assessment of interest and attempts to collect consumer debts acquired when it was not properly licensed constitutes an unconscionable commercial practice, deception, fraud, false promise, false pretense and/or misrepresentation in violation of the CFA at N.J.S.A. 56:8-2;
>
> E.      Whether the judgments entered are void on cases filed when the debts are void; and
>
> F.      The amounts that the Class are entitled to recover from Defendants for damages including treble damages under the CFA, disgorgement and restitution.

75.      There are questions of law and fact common to the members of the Payment

Subclass that predominate over questions affecting only individuals, including but not limited to:

> G.      The equitable relief that they may be entitled to relating to amounts collected from them on judgments entered on cases filed on accounts acquired by the unlicensed entities under the NJCFLA and pursuant to the CFA at N.J.S.A. 56:8-19;
>
> H.      Whether Plaintiffs and those similarly situated suffered an ascertainable loss in the form of all amounts alleged owed or paid to Defendants or their agents as a result of Defendants' collection attempts including filing civil collection complaints on void debts under the NJCFLA;
>
> I.      Whether Plaintiffs and those similarly situated are entitled to treble damages for all ascertainable losses incurred pursuant to the CFA at N.J.S.A. 56:8-19.

76.    There are questions of law and fact common to the members of the FDCPA

Subclass that predominate over questions affecting only individuals, including but not limited to:

    A.    Whether Defendants are debt collectors under the FDCPA;

    B.    Whether Defendants violated the FDCPA; and

    C.    Whether Plaintiffs, and the FDCPA Subclass are entitled to damages.

77.    A class action is superior to other available methods for the fair and efficient

adjudication of this controversy since joinder of all members is impracticable. A class action will

cause an orderly and expeditious administration of the claims of the Class and Subclasses and

will foster economies of time, effort and expense by avoiding thousands of individual suits that

will be based on the same legal theories that can be resolved in a single proceeding.

78.    Plaintiffs' claims are typical of the claims of the members of the Class and the

Subclasses.

79.    The questions of law and/or fact common to the members of the Class and

Subclasses predominate over any questions affecting only individual members.

80.    Plaintiffs do not have interests antagonistic to those of the Class and Subclasses.

81.    The Class and Subclasses are readily identifiable. The Defendants have records of

each account that they acquired when they were not properly licensed under the NJCFLA and the

payments made on those accounts from Subclass members.

82.    Plaintiffs will fairly and adequately protect the interests of the Class and

Subclasses and has retained competent counsel experienced in the prosecution of consumer

litigation. Proposed Class Counsel have investigated and identified potential claims in the action;

have a great deal of experience in handling class actions, other complex litigation, and claims of

the type asserted in this action.

83.    The prosecution of separate actions by individual members of the Class and

Subclasses would run the risk of inconsistent or varying adjudications, which would establish

incompatible standards of conduct for the Defendants in this action or the prosecution of separate

actions by individual members of the class would create the risk that adjudications with respect

to individual members of the class would as a practical matter be dispositive of the interests of

the other members not parties to the adjudications or substantially impair or impede their ability

to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious

litigation.

84.     Plaintiffs do not anticipate any difficulty in the management of this litigation.

### FIRST COUNT
### Declaratory Judgment and Injunctive Relief for Plaintiffs and the Class

85.     Plaintiffs repeat and reallege all prior allegations as if set forth at length herein.

86.     Section 3 of the NJCFLA, codified at N.J.S.A. 17:11C-3, provides that "No

person shall engage in business as a consumer lender or sales finance company without first

obtaining a license or licenses under this act."

87.     A violation of section 3 in the making or collection of a loan is a crime in the

fourth degree, voids the contracts governing the alleged account(s), and precludes any further

right to collect or receive any principal, interest, or charges, pursuant to the NJCFLA, at N.J.S.A.

17:11C-33(b).

88.     Thus, the Defendants lacked the legal right to acquire and collect the debts when

MHC, FNBM and CAS did not hold the licensure required by New Jersey Law.

89.     Any judgment arising from an action illegally filed by Defendants is void *ab*

*initio* or cannot be enforced.

90.     The existence of the collection complaints and judgments are public records that

have and will continue to adversely affect the Plaintiffs, the Class, and the Subclasses.

91.     MHC, FNBM and CAS violated section 3 of the NJCFLA by engaging in the "consumer loan business" in New Jersey without a license to do so.

92.     MHC, FNBM and CAS violated section 3 of the NJCFLA by acting as a "sales finance company[ies]" without a license to do so.

93.     MHC, FNBM and CAS's violations of the NJCFLA constitute unconscionable commercial practices and otherwise violate the NJCFA at N.J.S.A. 56:8-2.

94.     Plaintiffs suffered ascertainable loss from Defendants' CFA violations.

95.     Plaintiffs therefore have standing to seek injunctive and other equitable relief under the CFA, at N.J.S.A. 56:8-19.

96.     Moreover, under the Uniform Declaratory Judgments Law at N.J.S.A. 2A:16-53, the Plaintiffs and the putative Class members are "person[s] interested under a… written contract" and "person[s]… whose rights, status or other legal relations are affected by a statute" and therefore, they "may have determined any question of construction or validity arising under the… contract… and obtain a declaration of rights, status or other legal relations thereunder."

97.     Plaintiffs, the Class, and the Subclasses are entitled to a declaratory judgment that the accounts Defendants unlawfully took assignment of are void.

98.     Plaintiffs, the Class, and the Subclasses are entitled to a declaratory judgment that any judgments obtained by the Defendants against them are void or unenforceable.

99.     The Defendants and their agents or others acting on their behalf should be enjoined from taking any further action or failing to take actions that result in any effort to enforce the accounts and judgments to be declared void or unenforceable.

**WHEREFORE**, as to Count One, Plaintiffs, on behalf of themselves and the Class, hereby request a Judgment against Defendants,

a. Granting class certification for class-wide equitable relief under R. 4:32-1(b)(2), and issuing a declaratory judgment applicable to the Plaintiffs and putative Class, pursuant to the Uniform Declaratory Judgments Law at N.J.S.A. 2A:16-53, ruling that:

b. MHC, FNBM and CAS violated section 3 of the NJCFLA by engaging in the "consumer loan business" in New Jersey without a license to do so;

   1. Alternatively, or additionally, MHC, FNBM and CAS section 3 of the NJCFLA by engaging business as a "sales finance company" without a license to do so;

   2. The Plaintiffs' and putative class members' accounts of which Defendants allegedly took assignment and/or enforced are void by operation of N.J.S.A. 17:11C-33(b);

   3. That the void accounts cannot be revived through reassignment;

   4. That the judgments obtained by Defendants in actions based on an account allegedly acquired by Defendants are void or unenforceable;

   5. At all relevant times hereto, Defendants did not have the legal capacity to collect or receive any principal, interest or charges under the void accounts, through any collection mechanism;

   6. Defendants lack the capacity to seek enforcement of any of the Plaintiffs' or putative class members' accounts or any judgments obtained on such accounts or to enforce any judgments obtained;

c. Granting a permanent injunction against the Defendants, pursuant to the CFA, at N.J.S.A. 56:8-19, prohibiting them from making any further attempts to enforce New Jersey consumers' accounts, including an injunction against any attempt to collect upon, enforce or assign the account contracts, or to seek collection remedies on or assign any outstanding judgments entered in collection actions on the accounts;

d. Directing the Defendants to provide equitable notice relief pursuant to the CFA, providing for notice to Class members of the declaratory and injunctive ruling.

e. Awarding Plaintiffs' counsel reasonable attorneys' fees and costs under the CFA; and

f. For such other and further relief as the Court deems equitable and just.

**SECOND COUNT**
**New Jersey Consumer Finance License Act for Plaintiffs and the Class**

100.    Plaintiffs repeat and reallege all prior allegations as if set forth at length herein.

101.    Section 3 of the NJCFLA, codified at N.J.S.A. 17:11C-3, provides that "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."

102.    A violation of section 3 in the making or collection of a loan voids the loan and precludes any further right to collect or receive any principal, interest or charges, pursuant to the NJCFLA, at N.J.S.A. 17:11C-33(b).

103.    Thus, MHC, FNBM and CAS lacked the legal right to acquire and collect the debts when it did not hold a license required by New Jersey Law.

104.    Any judgment arising from an action illegally filed by Defendants is void *ab initio* and cannot be enforced.

105.    The existence of the judgments are public records that have and will continue to adversely affect the Class.

106.    MHC, FNBM and CAS violated section 3 of the NJCFLA by engaging in the "consumer loan business" in New Jersey without a license to do so.

107.    MHC, FNBM and CAS violated section 3 of the NJCFLA by acting as "sales finance company[ies]" without a license to do so.

**WHEREFORE**, as to Count Two, Plaintiffs, on behalf of themselves, the Class, and Payment Subclass, hereby request a Judgment against Defendants, jointly and severally,

a.    Granting class certification of the Class and Payment Subclass under R. 4:32-1(b)(3);

b.    Awarding, to the Payment Subclass, "three times any amount of the interest, costs or other charges collected in excess of that authorized by law" under the NJCFLA, at N.J.S.A. 17:11C-33(b);

    c.   Granting a permanent injunction in favor of the Class and against the Defendants prohibiting them from making any further attempts to enforce New Jersey consumers' accounts, including an injunction against any attempt to collect upon, enforce or assign the account contracts, or to seek collection remedies on or assign any outstanding judgments entered in collection actions on the accounts;

    d.   Directing the Defendants to provide equitable notice relief, providing for notice to Class members of the declaratory and injunctive ruling;

    e.   Awarding Plaintiffs' counsel reasonable attorneys' fees and costs;

    f.   For pre-judgment and post-judgment interest; and

    g.   For such other and further relief as the Court deems equitable and just.

**THIRD COUNT**
**Consumer Fraud Act for Plaintiffs, the Class, and Payment Subclass**

108.    Plaintiffs repeat and reallege all prior allegations as if set forth at length herein.

109.    Section 3 of the NJCFLA, codified at N.J.S.A. 17:11C-3, provides that "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."

110.    A violation of section 3 in the making or collection of a loan voids the loan and precludes any further right to collect or receive any principal, interest, or charges, pursuant to the NJCFLA, at N.J.S.A. 17:11C-33(b).

111.    Thus, MHC, FNBM and CAS lacked the legal right to acquire and collect the debts when they did not hold a license required by New Jersey Law.

112.    The void debts are still void when assigned to Resurgent and LVNV.

113.    Any judgment arising from an action illegally filed by Defendants is void *ab initio* or cannot be enforced.

114.    The existence of the judgments are public records that have and will continue to adversely affect the Class.

115.    MHC, FNBM and CAS violated section 3 of the NJCFLA by engaging in the "consumer loan business" in New Jersey without a license to do so.

116.    MHC, FNBM and CAS violated section 3 of the NJCFLA by acting as "sales finance company[ies]" without a license to do so.

117.    MHC, FNBM and CAS's violations of the NJCFLA and Defendants attempt to collect void debts, constitute unconscionable commercial practices and otherwise violate the Consumer Fraud Act (CFA) at N.J.S.A. 56:8-2.

118.    Plaintiffs and the Class members suffered ascertainable loss(es) from Defendants' CFA violations and enforcement or attempted enforcement of void debts.

119.    The Payment Subclass members suffered ascertainable loss(es) in the amount of monies paid on the void accounts.

120.    Defendants are "persons" within the meaning of the CFA at N.J.S.A. 56:8-1.

121.    Plaintiffs and those similarly situated purchased "merchandise" within the meaning of the CFA at N.J.S.A. 56:8-1.

122.    Defendants engaged in unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations in connection with the sale of merchandise in violation of the CFA at N.J.S.A. 56:8-2.

123.    Defendants engaged in unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations in the subsequent performance of the sale of merchandise in violation of the CFA at N.J.S.A. 56:8-2.

124.    Defendants committed unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations in direct violation of the CFA at N.J.S.A. 56:8-2 by:

    a.   Misrepresenting in its dunning letters that it had the legal right to collect on the accounts when the debts were void;

    b.   Filing civil collection complaints on void debts;

    c.   Representing, explicitly or impliedly, in the collection complaints and related communications with Plaintiffs and those similarly situated that it was properly licensed giving it the right to collect and file the actions such that the collection complaints could be properly filed and maintained; and

    d.   Demanding and/or accepting payments, including using bank levies and wage garnishments on the void accounts and the judgments obtained from actions filed when the debts were void;

125.    As a result of Defendants' unlawful actions and violations of the CFA, Plaintiffs, the Class members, and the Payment Subclass members suffered ascertainable loss(es), from Defendants' CFA violations in the amount monies collected, and/or paid on the void accounts, entitling them to treble damages under the CFA, at N.J.S.A. 56:8-19.

**WHEREFORE**, as to Count Three, Plaintiffs, on behalf of themselves and the putative class members, hereby request a Judgment against Defendants, jointly and severally,

    a.   Granting class certification of the Class under R. 4:32-1(b)(3);

    b.   Awarding treble damages to Plaintiffs and the Class under the CFA, at N.J.S.A. 56:8-19;

    c.   Granting a permanent injunction against the Defendants, pursuant to the CFA, at N.J.S.A. 56:8-19, prohibiting them from making any further attempts to enforce New Jersey consumers' accounts, including an injunction against any attempt to collect upon, enforce or assign the account contracts, or to seek collection remedies on or assign any outstanding judgments entered in collection actions on the accounts;

    d.   Directing the Defendants to provide equitable notice relief pursuant to the CFA, providing for notice to Class members of the declaratory and injunctive ruling;

    e.   Awarding Plaintiffs' counsel reasonable attorneys' fees and costs under the CFA, at N.J.S.A. 56:8-19;

    f.   For pre-judgment and post-judgment interest; and

    g.   For such other and further relief as the Court deems equitable and just.

## FOURTH COUNT
### Fraud for Plaintiffs, Class, and the Payment Subclass

126.    Plaintiffs repeat and reallege all prior allegations as if set forth at length herein.

127.    By taking possession of the Class members' alleged accounts and attempting collection of the same, Defendants made material misrepresentations that they had the legal right to possess and collect the alleged debts when they did not.

128.    By taking possession of the Class members' alleged accounts and attempting collection of the same, Defendants made material misrepresentations to the Class members that the debts were valid when the debts were void.

129.    By taking possession of the Class members' alleged accounts and attempting collection of the same, Defendants made material misrepresentations to the Class members that they were the lawful creditor when they were not.

130.    At the time Defendants took possession of the Class members' alleged accounts, Defendants knew or should have known that the debts were void.

131.    In attempting to enforce and/or collect the Class members' alleged debts, Defendants intended that the Class members rely on their material misrepresentations that Defendants had the legal right to possess and collect on the Class members' alleged accounts.

132.    The Class members reasonably relied on Defendants' material misrepresentations that they were legally allowed to attempt enforcement of the Class members' alleged debts.

133.    The Class members have been damaged as a result of their reasonable reliance on Defendants' misrepresentations that they had the legal right to attempt collection of the Class members' alleged debts when they did not.

**WHEREFORE**, as to Count Four, Plaintiffs, on behalf of themselves, the Class members, and the Payment Subclass members, hereby request a Judgment against Defendants,

a. Granting class certification of the class under R. 4:32-1(b)(3);

b. A money judgment for compensatory damages based on Defendants' material misrepresentations and the Payment Subclass members' resulting reliance and damages;

c. A money judgment for punitive damages based on Defendants' material misrepresentations and the Payment Subclass members' resulting reliance and damages;

d. For attorney's fees, litigation expenses and costs in connection with this action;

e. For pre-judgment and post-judgment interest; and

f. For such other and further relief as the Court deems equitable and just.

## FIFTH COUNT
### Fraudulent Inducement for Plaintiffs, the Class, and the Payment Subclass

134. Plaintiffs repeat and reallege all prior allegations as if set forth at length herein.

135. By taking possession of the Class members' alleged account(s) and attempting collection of the same, Defendants made a material misrepresentation of a presently existing fact to the Payment Subclass members that they had the legal right to possess and collect the void debts when they did not.

136. At the time Defendants took possession of the Class members' alleged accounts, Defendants knew that they were not legally licensed to possess or attempt to collect the Class members' alleged debts since the debts were void.

137. In attempting to enforce and/or collect the Class members' alleged debts, Defendants intended that the Class members rely on their material misrepresentations that Defendants had the legal right to collect the void accounts.

138. The Class members reasonably relied on Defendants' material misrepresentations that they were legally allowed to attempt enforcement of the Class members' alleged debts to their detriment.

**WHEREFORE**, as to Count Five, Plaintiffs, on behalf of themselves, the Class members, and the Payment Subclass members, hereby request a Judgment against Defendants,

   a.   Granting class certification of the Payment Subclass under R. 4:32-1(b)(3);

   b.   A money judgment for compensatory damages based on Defendants' false misrepresentations and the Payment Subclass members' resulting reliance and damages;

   c.   A money judgment for punitive damages based on Defendants' false misrepresentations and the Payment Subclass members' resulting reliance and damages;

   d.   For attorney's fees, litigation expenses and costs in connection with this action;

   e.   For pre-judgment and post-judgment interest; and

   f.   For such other and further relief as the Court deems equitable and just.

<div align="center">

**SIXTH COUNT**
**Unjust Enrichment**
**Disgorgement on Behalf of Plaintiffs and the Payment Subclass**

</div>

139.   Plaintiffs repeat and reallege all prior allegations as if set forth at length herein.

140.   The Defendants have been unjustly enriched by the funds that they have received from the Payment Subclass members.

141.   The Payment Subclass members reasonably expected remuneration from the payments to Defendants through Defendant's subsequent reporting to credit reporting agencies that the alleged debts had been paid in full or that the alleged outstanding balance had decreased.

142.   The Payment Subclass members paid money to Defendants under a mistake of fact since the debts were void under the NJCFLA.

143.   The funds collected by Defendants have conferred a benefit on the Defendants.

144.   Defendants know that that they received a benefit by receiving funds from the Payment Subclass members.

145.    Defendants' retention of the benefits conferred on them by the Payment Subclass based on illegally obtained accounts and judgments would be unjust.

146.    Defendants should be ordered to disgorge or provide restitution to the Payment Subclass.

147.    The disgorgement or restitution should include any profits or other benefits enjoyed by the Defendants as a result of the receipt of the Payment Subclass's funds.

**WHEREFORE,** as to Count Six, Plaintiffs, on behalf of themselves and the putative Payment Subclass members, hereby request a Judgment against Defendants,

a. Granting class certification of the Payment Subclass under R. 4:32-1(b)(3);

b. A money judgment for restitution or disgorgement of all amounts collected by the Defendants from the Payment Subclass including any profits or other benefit enjoyed by Defendants as a result of receiving and using the funds from them;

c. For attorney's fees, litigation expenses and costs in connection with this action;

d. For pre-judgment and post-judgment interest; and

e. For such other and further relief as the Court deems equitable and just

## SEVENTH COUNT
### Violations of the FDCPA for Plaintiffs and FDCPA Subclass

148.    Plaintiffs reassert and incorporate herein the allegations contained in the preceding and following paragraphs.

149.    Plaintiffs and the FDCPA Subclass members are a "consumer[s]" as defined by 15 U.S.C. § 1692a(3).

150.    The debts are each a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

151.    Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

152.    Defendants not "creditors" as defined by 15 U.S.C. § 1692a(4).

153.    At all times relevant hereto, Defendants by themselves or through their agents sent collection letters and filed collection lawsuits to collect the debt.

154.    At all times relevant hereto, Defendants actively participated in the collection of consumer debts allegedly owed by Plaintiffs and other New Jersey consumers.

155.    Therefore, not only are Defendants liable for the acts and omissions of its agents, but for its own acts in hiring, directing, and negligently supervising debt collection to collect debts.

156.    By attempting to collect consumer debts that are void under the NJCFLA, Defendants violated the FDCPA (including, but not limited to, 15 U.S.C. §§ 1692e (including subsections 1692e(2), 1692e(5), and 1692e(10)), 1692f (including subsection 1692f(1)), and 1692g.

157.    The violations of the FDCPA described herein constitute *per se* violations.

158.    Based on any one or more of those violations, Defendants are liable to Plaintiffs for damages, attorneys' fees and costs under 15 U.S.C. § 1692k.

**WHEREFORE,** as to Count Seven, Plaintiffs, on behalf of themselves and the putative FDCPA Subclass members, hereby requests a Judgment against Defendants,

a.    For certification of this instant matter as a class action, appointing the named Plaintiffs as representatives of the FDCPA Subclass, and appointing the attorneys of Kim Law Firm LLC as class counsel;

b.    For statutory damages in favor of Plaintiffs pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

c.    For statutory damages in favor of the FDCPA Subclass pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

d.    For actual damages in favor of Plaintiffs and the FDCPA Subclass pursuant to 15 U.S.C. § 1692k(a)(1), including the tax consequences of this action;

e.    For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

f.  For pre-judgment and post-judgment interest; and

g.  For such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues subject to trial by jury.

## NOTICE TO ATTORNEY GENERAL

A copy of this Complaint will be e-mailed to the Attorney General of the State of New

Jersey within twenty-four hours after the filing with the Court, pursuant to N.J.S.A. 56:8-20.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Yongmoon Kim is designated as trial counsel for Plaintiffs.

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the

matter in controversy is not the subject of any other action pending in any court or of any

pending arbitration or administrative proceeding, except the case styled *LVNV Funding LLC v.

Rodriguez*, PAS-DC-1713-24 and *LVNV Funding LLC v. Earle*, PAS-DC-1832-24.

I further certify that I know of no party who should be joined in this action at this time.

I hereby certify that pursuant to Rule 1:38-7: All confidential identifiers of the parties to

this action have been redacted from all documents or pleadings submitted to the Court.


Dated: April 23, 2024                     KIM LAW FIRM LLC

                                          */s/ Yongmoon Kim*
                                          Yongmoon Kim

                                          *Attorneys for Plaintiffs*

Yongmoon Kim, Esq. (NJ Atty ID: 026122011)
ykim@kimlf.com
Mark Jensen, Esq. (NJ Atty. ID 309612022)
mjensen@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax: (201) 273-7117

*Plaintiffs Luis A. Rodriguez-Ocasio and Felicia Ann Earle*

| | |
|---|---|
| LUIS A. RODRIGUEZ-OCASIO and FELICIA ANN EARLE, *on behalf of themselves and those similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>MHC RECEIVABLES LLC;<br>FNBM LLC;<br>CREDIT ASSET SALES LLC;<br>RESURGENT ACQUISITIONS, LLC;<br>LVNV FUNDING LLC; and<br>JOHN DOES 1 to 10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>Civil Action<br><br>Docket No. ESX-L-2788-24<br><br><br>**NOTICE OF MOTION TO TRANSFER AND CONSOLIDATE** |

**TO:**   David A. Faloni, Esq.
FALONI LAW GROUP, LLC
425 Eagle Rock Avenue, Suite 404
Roseland, New Jersey 07068

**MOVING PARTY:**                    Plaintiffs Luis A. Rodriguez-Ocasio and Felicia Ann Earle

**DATE AND TIME OF MOTION:**         Friday, May 10, 2024, at 9:00 a.m.

**PLACE:**                           Essex County Historic Courthouse
                                     470 Dr. Martin Luther King, Jr. Boulevard, Floor 3
                                     Newark, New Jersey 0710

**PURPOSE:**                         To obtain an order: (1) transferring the matter of
                                     *LVNV Funding, LLC vs Luis Rodriguez*, Docket No.

PAS-DC-1713-24 from the Passaic County Special Civil Part to the Essex County Law Division, pursuant to *Rule* 6:4-1(a); (2) transferring the matter of *LVNV Funding, LLC vs Felicia Earle*, Docket No. PAS-DC-1832-24 from the Passaic County Special Civil Part to the Essex County Law Division, pursuant to *Rule* 6:4-1(a) and, (3) consolidating that matter with the above-captioned matter, pursuant to *Rule* 4:38-1(a).

**REQUEST FOR ORAL ARGUMENT:** No, **unless** opposition is filed.

**SUPPORTING DOCUMENTATION:** The moving party shall rely upon the annexed Letter Brief, Certification of Mark Jensen, Esq., Certificate of Service and Order.

**ORDER:** Proposed form of Order is attached.

**PRETRIAL CONF. DATE:** N/A

**TRIAL DATE:** N/A

**CALENDAR CALL DATE:** N/A

**ARBITRATION DATE:** N/A

KIM LAW FIRM LLC

*/s/ Mark Jensen*
Mark Jensen
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, NJ  07601
(201) 273-7117 – Telephone and Fax
*Attorneys for Plaintiffs*

Dated:  April 24, 2024

# KimLawFirm<sub>LLC</sub>

· Continental Plaza · 411 Hackensack Avenue, Suite 701 · Hackensack, NJ 07601 · (tel&fax) 201.273.7117

April 24, 2024

***Via eCourts***

Honorable Keith E. Lynott, J.S.C.
ESSEX COUNTY HISTORIC COURTHOUSE
470 Dr. Martin Luther King, Jr. Boulevard, Floor 3
Newark, New Jersey 0710

> **Re:**   ***Rodriguez-Ocasio, et al. v. MHC Receivables LLC, et al.***
> **Case No.: ESX-L-2788-24**
> **Letter Brief in Support of Plaintiffs' Motion to Transfer and Consolidate**

Dear Judge Lynott,

Please accept this Letter Brief, in lieu of a more formal brief, in support of Plaintiffs Luis

A. Rodriguez-Ocasio's and Felicia Ann Earle's Motion to Transfer the matters of *LVNV*

*Funding, LLC vs Luis Rodriguez*, Docket No. PAS-DC-1713-24 and of *LVNV Funding, LLC vs*

*Felicia Earle*, Docket No. PAS-DC-1832-24, from the Passaic Country Special Civil Part to the

Essex County Law Division, and to consolidate the actions herein.  The basis for the transfers

and consolidation is that the action pending in this Court arises out of the same transactions and

occurrences as the actions currently venued in the Special Civil Part of the Passaic County Law

Division (the "Collection Lawsuits"). Further, the Collection Lawsuits and the instant action

involve common questions of law and fact and identical parties.

Page 1 of 6

As more fully set forth herein below, Defendants allegedly purchased and attempted to

take assignment of accounts that had allegedly been extended to Plaintiffs and filed civil

complaints against Plaintiffs in the Passaic County Special Civil Part, seeking judgment for

allegedly past due and defaulted accounts.  Plaintiffs subsequently commenced the instant class

action in the Essex County Law Division, alleging Defendants' unlawful purchase and

enforcement of alleged consumer debts without first obtaining a license to engage in business as

a consumer lender or sales finance company, as required by the New Jersey Consumer Finance

Licensing Act ("NJCFLA"), at N.J.S.A. 17:11C-3, violated, *inter alia*, the NJCFLA and the

federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq*. Plaintiffs allege

that their claims are directly related to Defendants' collection efforts, including the Complaints

filed in the Collection Lawsuits. *See* the respective Complaints filed in the Collection Lawsuits,

annexed to the Certification of Mark Jensen as **Exhibits A** and **B**.

## I. INTRODUCTION

This consumer class action alleges, *inter alia*, that Defendants violated the New Jersey

Consumer Finance Licensing Act ("NJCFLA"), at N.J.S.A. 17:11C-3, the New Jersey Consumer

Fraud Act ("CFA"), N.J.S.A. 56:8 *et seq.*, and the FDCPA based on Defendants' unlawful

purchase and enforcement of alleged consumer debts without first obtaining a license to engage

in business as a consumer lender or sales finance company. As a result of Defendants MHC

Receivables LLC's, FNBM LLC's, and Credit Asset Sales LLC's respective unlicensed statuses,

the credit accounts became void and unenforceable as of the date the Defendants allegedly took

assignment of them, pursuant to the NJCFLA, at N.J.S.A. 17:11C-33(b). Plaintiffs bring this

action on behalf of themselves and a putative class of other New Jersey consumers whose

consumer debts were purchased and/or enforced by Defendants without first obtaining a license

to engage in business as a sales finance company or consumer lender, seeking relief under the

CFA, NJCFLA, and the FDCPA, including a declaratory judgment that the credit account

contracts are void and unenforceable, that the state court judgments obtained on unlawful debts

are void and unenforceable, and an injunction against any further attempts to enforce the credit

account contracts in any manner.

Plaintiffs' claims in this action are not limited to claims on their own behalf, but, instead,

they also seek to pursue legal remedies on behalf of a class of all other similarly situated individuals, as defined in the Class Action Complaint. Therefore, it is appropriate to transfer the matters from Passaic County Special Civil Part to the Essex County Law Division and consolidate them with this more expansive Law Division class action. Thus, as the Collection Lawsuits and the instant action arise from the same series of transactions, the Collection Lawsuits should be transferred from the Special Civil part to the Law Division and consolidated with the instant action.

## II.  LEGAL ARGUMENT

### A.  The Court Should Transfer the Collection Lawsuits and Consolidate the Actions

The *New Jersey Rules of Court,* specifically *Rule* 6:4-1(a), authorizes transfer of cases from the Special Civil Part when circumstances warrant "consolidation with an action pending in such other court in accordance with *R.* 4:38-1." *Rule* 4:38-1 provides that "[w]hen actions involving a common question of law or fact arising out of the same transaction or series of transactions are pending in the Superior Court, the court on a party's or its own motion may order the actions consolidated." *R.* 4:38-1(a). In cases such as this, where the two actions are filed in different court divisions, the Rule further provides that "[a] Motion to consolidate an action pending in the Special Civil Part with an action pending in the Chancery Division or the Civil Part of the Law Division shall be heard, regardless of which action was first filed, in the county in which venue is laid in the Chancery or Law Division, Civil Part action." *Ibid.*; *see also* Pressler & Verniero, *Current N.J. Court Rules*, comment 1 on *Rule* 4:38-1(a) (2023) ("With respect to consolidation of a Special Civil Part action with a Law or Chancery Division action, the Rule requires that, irrespective of which action was filed first, the Motion should be made in the County where the Law or Chancery Division action is pending and, if the Motion is granted,

then the Special Civil Part action is consolidated in that county with the Law or Chancery

Division action.").

The Special Civil Part was established as "a special court of limited jurisdiction,

functioning in an expedited manner." *Lettenmaier v. Lube Connection,* 162 N.J. 134, 137 (1999),

(*quoting* Pressler, *Current N.J. Court Rules,* comment on *R.* 6:1-1 to -3 (1999)). The transfer and

consolidation Court Rules recognize that the truncated procedure and limited discovery typically

afforded in the Special Civil Part forum may be inappropriate in complex cases, putative class

actions, and other cases requiring joinder of absent parties. In *Township of Bloomfield v.*

*Rosanna's Figure Salon, Inc.*, 253 N.J. Super. 551 (App. Div. 1992), the Appellate Division

approved "criteria for transfer" from the Special Civil Part, including: "The need for uniformity

of result, such as where separate proceedings are simultaneously pending in both the Superior

Court and the County District Court arising from the same transaction or set of facts." *Id.* at 562-

563 (*quoting Morrocco v. Felton*, 112 N.J. Super. 226, 235-36 (Law. Div. 1971)). The parties'

dispute in the present matter unquestionably meets the "criteria for transfer" approved in

*Township of Bloomfield.*

The need for uniformity of result identified in *Township of Bloomfield* reflects a common

purpose between the transfer Rule—*R.* 6:4-1—and the consolidation Rule—*R.* 4:38-1. "The

plain purpose of the [consolidation] rule was to eliminate multiplicity of litigation and to enable

the courts so to arrange pending causes that the same facts and transactions would not undergo

the inconvenience of double litigation." *Judson v. Peoples Bank & Trust Co. of Westfield*, 17

N.J. Super. 143, 144 (Ch. Div. 1951). It has long been recognized that "[t]he object of

consolidating two or more actions is, among other things, the attainment of justice with the least

expense and vexation to the parties litigant." *Id.* at 145-146 (*quoting Burnham v. Dalling*, 16 N.J.

Eq. 310 (Ch. 1863)).  The policy in favor of consolidation is so strong that the New Jersey

Supreme Court has held that "[t]he transfer of a case so that it may be tried with other cases

arising out of the same event cannot be challenged." *R.L. Mulliken, Inc. v. City of Englewood*, 59

N.J. 1 (1971). "The decision to consolidate actions lies within the discretion of the trial

court." *Union County Imp. Auth. v. Artaki*, 392 N.J. Super. 141, 148-49 (App. Div. 2007).

In this case, the Collection Lawsuits and Plaintiffs' Law Division Complaint involve

common questions of law and fact arising out of the same transactions and events; and, therefore,

consolidation is warranted to ensure judicial economy and prevent inconsistent results. Plaintiffs'

Class Action Complaint alleges that Defendants should be held liable for violations of the

NJCFLA, CFA, FDCPA and common law for unlawfully purchasing and enforcing consumer

debts without first obtaining a license to engage in business as a consumer lender or sales finance

company. Plaintiffs' class action claims against Defendants also serve as affirmative defenses to

the Collection Lawsuits.

As noted in *Judson*, consolidation is appropriate where, as here, "the same documents,

the same records, the same accountants and the same expert testimony must necessarily be used

to substantiate both causes of action." *Judson*, 17 N.J. Super. at 145. The documents produced in

discovery, testimony, and legal arguments relating to collection efforts for services will be

substantially similar in both the Collection Lawsuits and this Law Division action, as both

actions involve similar facts and evidence.

Finally, if the Collection Lawsuits were to go forward without being consolidated with

the Law Division action, the claims raised in the Law Division action would likely be affected by

the expedited disposition in the Special Civil Part, regardless of whether they were pleaded in the

Special Civil Part, and regardless of whether there was a full and fair opportunity to develop a

factual record to an extent commensurate with the complexity of the claims. Therefore, the two cases should be consolidated so that all pending claims can be adjudicated against all parties in the same action.

### III.    CONCLUSION

Based upon the foregoing, Plaintiffs respectfully requests that the Court transfer the matter of *LVNV Funding, LLC vs Luis Rodriguez*, Docket No. PAS-DC-1713-24, and *LVNV Funding, LLC vs Felicia Earle*, Docket No. PAS-DC-1832-24, from the Passaic County Special Civil Part to the Essex County Law Division, and to consolidate the actions herein, in the instant matter, pursuant to *R.* 4:38-1.

<div style="margin-left:50%">

Respectfully Submitted,

KIM LAW FIRM LLC

*/s/ Mark Jensen*
Mark Jensen
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, NJ  07601
*Attorneys for Plaintiffs*

</div>

MJ/bk
Enclosures
cc: All Counsel of Record (*via eCourts*)

Yongmoon Kim, Esq. (NJ Atty ID: 026122011)
ykim@kimlf.com
Mark Jensen, Esq. (NJ Atty. ID 309612022)
mjensen@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax: (201) 273-7117

*Attorneys for Plaintiffs Luis A. Rodriguez-Ocasio and Felicia Ann Earle*

| | |
|---|---|
| LUIS A. RODRIGUEZ-OCASIO and FELICIA ANN EARLE, *on behalf of themselves and those similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>MHC RECEIVABLES LLC;<br>FNBM LLC;<br>CREDIT ASSET SALES LLC;<br>RESURGENT ACQUISITIONS, LLC;<br>LVNV FUNDING LLC; and<br>JOHN DOES 1 to 10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>Civil Action<br><br>Docket No. ESX-L-2788-24<br><br>**CERTIFICATION OF MARK JENSEN, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION TO TRANSFER AND CONSOLIDATE** |

I, Mark Jensen, of full age, hereby certifies as follows:

      1.     I am an Attorney at Law in the State of New Jersey with Kim Law Firm LLC, counsel for Plaintiffs Luis A. Rodriguez-Ocasio and Felicia Ann Earle, in the above-referenced matter. As such, I am fully familiar with the facts herein.

      2.     I make this Certification in support of Plaintiffs' Motion to Transfer the matters of *LVNV Funding, LLC vs Luis Rodriguez*, Docket No. PAS-DC-1713-24 and of *LVNV Funding, LLC vs Felicia Earle*, Docket No. PAS-DC-1832-24 ("Collection Lawsuits"), from the Passaic County Special Civil Part to the Essex County Law Division, and to consolidate it with the present action, pursuant to *R.* 6:4-1 and *R.* 4:38-1.

3.     Plaintiffs' Class Action Complaint (Trans ID: LCV20241038453) in this action raises claims under the Consumer Finance Licensing Act ("NJCFLA"), N.J.S.A. 17:11C-1, *et seq.,* New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8, *et seq.*, federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.*, and common law, and is based on Defendants' unlawful purchase and enforcement of alleged consumer debts without first obtaining a license to engage in business as a consumer lender or sales finance company. Defendant LVNV Funding LLC, filed the Collection Lawsuits against Plaintiffs Luis A. Rodriguez-Ocasio and Felicia Ann Earle in an effort to collect debts allegedly owed by Plaintiffs.

4.     This Motion is made in good faith, in an effort to foster judicial economy and timely adjudication of Plaintiffs' claims, and not made for the purposes of delay.

5.     Attached hereto as **Exhibit A** is a true and accurate copy of the *LVNV Funding, LLC, vs Luis Rodriguez*, Complaint filed on February 5, 2024, in the Passaic County Special Civil Part under Docket No. PAS-DC-1713-24.

6.     Attached hereto as **Exhibit B** is a true and accurate copy of the *LVNV Funding, LLC vs Felicia Earle*, Complaint filed on February 6, 2024, in the Passaic County Special Civil Part under Docket No. Docket No. PAS-DC-1832-24.

7.     Plaintiffs respectfully request that the Court grant the instant Motion and transfer the matters of *LVNV Funding, LLC vs Luis Rodriguez*, Docket No. PAS-DC-1713-24 and of *LVNV Funding, LLC vs Felicia Earle*, Docket No. PAS-DC-1832-24, to the Essex County Law Division, and that the matter be consolidated with the present action, pursuant to *Rule* 6:4-1 and *Rule* 4:38-1.

  *I certify that the foregoing statements made by me are true.  I am aware that if any of the*

*foregoing statements made by me are willfully false, I am subject to punishment.*

          KIM LAW FIRM LLC


          <u>*/s/ Mark Jensen*</u>
          Mark Jensen, Esq.
          *Attorneys for Plaintiffs*

Dated: April 24, 2024

# EXHIBIT A

*Rodriguez-Ocasio v. MHC Receivables LLC, et al.*
Docket No.: ESX-L-2788-24

FALONI LAW GROUP, LLC
DAVID A. FALONI, ESQ. - NJ ATTORNEY ID # 015371995
ATTORNEYS FOR PLAINTIFF
425 EAGLE ROCK AVENUE, SUITE 404
ROSELAND, NJ 07068
WWW.FALONILAWFIRM.COM
973-226-2525

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: Passaic County Courthouse
SPECIAL CIVIL PART

DOCKET NO. _____

Current Creditor: LVNV Funding LLC
Original Creditor: Credit One Bank, N.A.

Plaintiff

vs.

COMPLAINT ON CONTRACT

Luis Rodriguez
79 N 1st St Unit 1
Paterson NJ 07522-1737

Defendant(s)


LVNV Funding LLC, whose business address is 355 S Main Street, Suite 300-D , Greenville SC 29601, complaining of the defendant says that:

1.      Defendant is indebted to the original creditor Credit One Bank, N.A., in the amount of $881.36 after failing to make agreed upon payments on this account. The original account was opened on or about 03/03/2021 and the account was charged off on or about 06/18/2023 due to non-payment.

2.      Plaintiff purchased the account and received the right title and interest to this account through an assignment of a debt for consideration.  The last four digits of the original account number is ************8318 and the last three digits of the social security number is XXXXXXXX823. The Chain of Title is attached to this complaint as Exhibit A.

3.      The Defendant defaulted under the terms of the agreement by failing to pay despite the demand for which has been made but refused.  Plaintiff as successor in interest is seeking the amount due and owing as an account stated and/or book account.

4.      There is now due and owing to Plaintiff the sum of $881.36 plus costs of suit.

WHEREFORE, Plaintiff demands judgment for the demand amount alleged plus statutory costs and fees.

Page 1

<u>CERTIFICATION</u>
        I certify that the above matter in controversy is not the subject of any other court action or
arbitration proceeding now pending or contemplated, and that no other parties should be joined in this
action.  I certify that confidential personal identifiers have been redacted from documents now submitted
to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-
7(b).

                                         FALONI LAW GROUP, LLC

                                         *s/David A. Faloni*

                                         DAVID A. FALONI, ESQ.


Dated: January 31, 2024
File No. 145125



<u>DEFENDANT'S ADDRESS:</u>
Luis Rodriguez
79 N 1st St Unit 1
Paterson NJ 07522-1737
Passaic County


<u>ADDRESS OF THE COURT:</u>
Passaic County Courthouse
71 Hamilton Street
Paterson NJ 07505-2017
(973)653-2910




                              Page 2

ESX-L-002788-24   04/24/2024 9:15:11 PM   Pg 4 of 19   Trans ID: LCV20241051156

PAS-DC-001713-24   02/05/2024 2:50:24 PM   Pg 1 of 14   Trans ID: SCP2024418243

### BILL OF SALE AND ASSIGNMENT OF ACCOUNTS
### FROM CREDIT ONE BANK, N.A. TO MHC RECEIVABLES, LLC

As of **June 30, 2023**, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Credit One Bank, N.A. ("Assignor") has transferred, has sold, has assigned, has conveyed, has granted and has otherwise delivered to MHC Receivables, LLC ("Assignee"), all of Assignor's right, title and interest in and to (i) the charged-off credit card accounts identified on an account level basis in the data file named **CreditOne_Fresh_Resurgent_072023** (the "Computer File"), a copy of which is attached hereto and incorporated herein by reference as "Exhibit A"; and, (ii) certain related account level media or electronic copies thereof (including, but not limited to applications, statements, terms and condition), and (iii) all claims or rights arising out of or relating to each account referenced on the Computer File (collectively hereinafter, the "Accounts") including, but not limited to, all claims and rights afforded each Account by virtue of that Account's corresponding terms and conditions.

The Accounts transferred under the terms of this Bill of Sale and Assignment of Accounts were each transferred to Assignee immediately following charge off for each applicable Account, as shown in the Computer File.

With respect to information for the Accounts, Assignor represents and warrants to Assignee that the business records conveyed to Assignee relating to: (i) the Accounts issued by Assignor; and (ii) the sale and assignment of Accounts by Assignor (collectively, the "Business Records"), are kept by Assignor in the regular course of its business. It is in the regular course of business of Assignor for an employee or an authorized representative with personal knowledge of the act, event, condition, or opinion (collectively "Event") to be recorded, to make the appropriate memorandum or recording of the Event at or reasonably near the time of the Event. Furthermore, Assignor represents and warrants to Assignee that the Business Records are materially complete and accurate, and thoroughly embody the information in Assignor's custody and control for the Accounts from their creation until the time of transfer to Assignee. These representations and warranties are intended to augment any other representations and warranties the parties may have in place and not supplant any other existing warranties and representations.

This Bill of Sale and Assignment of Accounts shall serve as evidence of ownership for the Accounts conveyed hereby and shall serve as an acknowledgment, as ratification, and as evidence of the intent of the parties to transfer the Accounts.

**CREDIT ONE BANK, N.A.**

Michael Wiese
Vice President

## BILL OF SALE AND ASSIGNMENT OF RECEIVABLES
## FROM CREDIT ONE BANK, N.A. TO MHC RECEIVABLES, LLC

As of **June 30, 2023** for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Credit One Bank, N.A. ("Assignor") has transferred, has sold, has assigned, has conveyed, has granted and has otherwise delivered to MHC Receivables, LLC ("Assignee"), all of Assignor's right, title and interest in and to (i) the receivables associated with each and every account referenced in the data file named **CreditOne_Fresh_Resurgent_072023** (the "Computer File"), a copy of which is attached hereto and incorporated herein by reference as "Exhibit A"; and, (ii) all claims or rights arising out of or relating to each of those Receivables (hereinafter, the "Receivables").

The Receivables transferred under the terms of this Bill of Sale and Assignment of Receivables were each transferred to Assignee prior to the charge off of the associated accounts, as shown in the Computer File. This Bill of Sale and Assignment of Receivables evidences the intent between the parties for the transfer of the Receivables, acts as an acknowledgement of those transfers, and, to the extent necessary, ratification of the transfers.

With respect to information for the Receivables, Assignor represents and warrants to Assignee that the business records conveyed to Assignee relating to the Receivables (the "Business Records"), are kept by Assignor in the regular course of its business. It is in the regular course of business of Assignor for an employee or an authorized representative with personal knowledge of the act, event, condition, or opinion (collectively "Event") to be recorded, to make the appropriate memorandum or recording of the Event at or reasonably near the time of the Event. Furthermore, Assignor represents and warrants to Assignee that the Business Records are materially complete and accurate, and thoroughly embody the information in Assignor's custody and control for the Receivables from their creation until the time of transfer to Assignee. These representations and warranties are intended to augment any other representations and warranties the parties may have in place and not supplant any other existing warranties and representations.

This Bill of Sale and Assignment of Receivables shall serve as evidence of ownership for the Receivables conveyed hereby and shall serve as an acknowledgment, as ratification, and as evidence of the intent of the parties to transfer the Receivables.

**CREDIT ONE BANK, N.A.**

Michael Wiese
Vice President

## BILL OF SALE AND ASSIGNMENT OF RECEIVABLES
## FROM MHC RECEIVABLES, LLC, TO FNBM, LLC

As of **July 19, 2023**, MHC Receivables, LLC ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, has periodically transferred, has sold, has assigned, has conveyed, has granted and has otherwise delivered to FNBM, LLC,  ("Assignee") all of its rights, title and interest in and to (i) the receivables identified and specifically referenced for each of the accounts on an account level basis on the data file titled **CreditOne_Fresh_Resurgent_072023**  attached hereto and incorporated by reference as "Exhibit A" ; and (ii) all claims or rights arising out of or relating to the account level receivables (hereinafter the "Receivables").

With respect to information for the Receivables, Assignor represents and warrants to Assignee that the business records conveyed to Assignee relating to the Receivables (the "Business Records"), are kept by Assignor in the regular course of its business. It is in the regular course of business of Assignor for an employee or an authorized representative with personal knowledge of the act, event, condition, or opinion (collectively "Event") to be recorded, to make the appropriate memorandum or recording of the Event at or reasonably near the time of the Event. Furthermore, Assignor represents and warrants to Assignee that the Business Records are materially complete and accurate, and thoroughly embody the information in Assignor's custody and control for the Receivables from their creation until the time of transfer to Assignee. These representations and warranties are intended to augment any other representations and warranties the parties may have in place and not supplant any other existing warranties and representations.

This Bill of Sale and Assignment of Receivables shall serve as an acknowledgment, as ratification, and as evidence of the intent of the parties to transfer the Released Receivables referenced herein.

MHC Receivables, LLC

Mark Rufail, Authorized Representative

**EXHIBIT A**

ACCOUNT SCHEDULE

The Accounts that are specifically identified in the electronic file named **CreditOne_Fresh_Resurgent_072023,** with such electronic file incorporated herein by reference.

### BILL OF SALE AND ASSIGNMENT OF RECEIVABLES
### FROM FNBM, LLC, TO CREDIT ASSET SALES LLC

On **July 19, 2023**, FNBM, LLC ("Assignor"), for good and valuable consideration, the receipt of which is hereby acknowledged, hereby transfers, sells, assigns, conveys, grants and delivers to Credit Asset Sales LLC ("Assignee"), all of its rights, title and interest in and to (i) the receivables identified and specifically referenced for each of the accounts on an account level basis on the data file titled **CreditOne_Fresh_Resurgent_072023** attached hereto and incorporated by reference as "Exhibit A"; and (ii) all claims or rights arising out of or relating to the receivables (hereinafter the "Receivables").

This Bill of Sale and Assignment of Receivables shall serve as evidence of ownership for any of the Receivables conveyed hereby.

FNBM, LLC

_____
Greg Hammond, Authorized Representative

With respect to information for the Receivables, MHC Receivables, LLC ("MHC") represents and warrants to Assignee that the business records conveyed to Assignee relating to the Receivables (the "Business Records"), are kept by MHC in the regular course of its business. It is in the regular course of business of MHC for an employee or an authorized representative with personal knowledge of the act, event, condition, or opinion (collectively "Event") to be recorded, to make the appropriate memorandum or recording of the Event at or reasonably near the time of the Event. Furthermore, Assignor represents and warrants to Assignee that the Business Records are materially complete and accurate, and thoroughly embody the information in Assignor's custody and control for the Receivables from their creation until the time of transfer to Assignee. These representations and warranties are intended to augment any other representations and warranties the parties may have in place and not supplant any other existing warranties and representations.

MHC Receivables, LLC

_____
Mark Rufail, Authorized Representative

ESX-L -002788-24   04/24/2024 9:15:11 PM   Pg 12 of 19   Trans ID: LCV20241051156

PAS-DC-001713-24   02/05/2024 2:50:24 PM   Pg 9 of 14   Trans ID: SCP2024418243

## BILL OF SALE AND ASSIGNMENT OF ACCOUNTS
## FROM MHC RECEIVABLES, LLC TO CREDIT ASSET SALES LLC

On July 19, 2023, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, MHC Receivables, LLC ("Assignor"), hereby transfers, sells, assigns, conveys, grants and otherwise delivers to Credit Asset Sales LLC ("Assignee"), all of Assignor's, rights title and interest in and to (i) the charged-off accounts identified on an account level basis in the data file named **CreditOne_Fresh_Resurgent_072023** (the "Computer File"), a copy of which is attached hereto and incorporated herein by reference as "Exhibit A"; and, (ii) certain related account level media or electronic copies thereof (including, but not limited to applications, statements, terms and condition), and (iii) all claims or rights arising out of or relating to each referenced account (collectively hereinafter the "Accounts") including, but not limited to, all claims and rights afforded each account by virtue of that account's corresponding terms and conditions.

With respect to information for the Accounts described in the related Computer File, Assignor represents and warrants to Assignee that the business records relating to: (i) the Accounts owned by Assignor; and (ii) the sale and assignment of Accounts by Assignor (collectively, the "Business Records"), are kept by Assignor in the regular course of its business. It is in the regular course of business of Assignor for an employee or an authorized representative with personal knowledge of the act, event, condition, or opinion (collectively "Event") to be recorded, to make the appropriate memorandum or recording at or reasonably near the time of the Event. Furthermore, Assignor represents and warrants to Assignee that the Business Records are materially complete and accurate and thoroughly embody the information in Assignor's custody and control for the Accounts listed in the Computer File from Assignor's receipt of those Accounts until the time of transfer to Assignee. These representations and warranties are intended to augment any other representations and warranties the parties may have in place and not supplant any other existing warranties and representations.

This Bill of Sale and Assignment of Accounts shall serve as evidence of ownership for any of the Accounts conveyed hereby.

MHC Receivables, LLC

Mark Rufail, Authorized Representative

Case 2:24-cv-06493-EP-MAH    Document 1-2    Filed 05/28/24    Page 54 of 97 PageID: 64
ESX-L -002788-24   04/24/2024 9:15:11 PM   Pg 13 of 19   Trans ID: LCV20241051156

PAS-DC-001713-24   02/05/2024 2:50:24 PM   Pg 10 of 14   Trans ID: SCP2024418243

**EXHIBIT A**
ACCOUNT SCHEDULE

The Accounts that are specifically identified in the electronic file name **CreditOne_Fresh_Resurgent_072023**, with such electronic file incorporated herein by reference.

Case 2:24-cv-06493-EP-MAH    Document 1-2    Filed 05/28/24    Page 55 of 97 PageID: 65

ESX-L -002788-24   04/24/2024 9:15:11 PM   Pg 14 of 19   Trans ID: LCV20241051156
PAS-DC-001713-24   02/05/2024 2:50:24 PM   Pg 11 of 14   Trans ID: SCP2024418243

## BILL OF SALE AND ASSIGNMENT OF ACCOUNTS AND RECEIVABLES
## FROM CREDIT ASSET SALES LLC TO RESURGENT ACQUISITIONS LLC

Credit Asset Sales LLC ("Seller"), the owner of certain accounts and associated receivables (hereinafter referred to collectively as "Purchased Accounts"), for value received and in accordance with the terms of the Purchase and Sale Agreement, by and between Seller and Resurgent Acquisitions LLC. ("Buyer"), dated as of **January 1, 2022** ("Agreement"), does hereby sell, assign and transfer to Buyer, its successors and assigns, all right, title and interest in and to the Purchased Accounts as described on the computer file named **CreditOne_Fresh_Resurgent_072023** (the "Computer File"), a copy of which is attached hereto and incorporated herein by reference as "Exhibit A".

This Bill of Sale and Assignment of Accounts and Receivables is subject to the terms of the Agreement and is made without representations and warranties of any kind or character except as expressly stated in the Agreement, or as expressly stated below.

With respect to information for the Purchased Accounts described in the related Computer File, to the best of Seller's knowledge, Seller represents and warrants to Buyer that such information (i) is materially complete and accurate; (ii) constitutes Seller's own business records that pertain to the Purchased Accounts and accurately reflects in all material respects the information in Seller's database; (iii) was kept in the regular course of Seller's business; (iv) was made, entered or compiled in the regular course of business; (v) was recorded at or near the time the underlying activity occurred, by a person with knowledge of the data recorded; (vi) has been accurately maintained in Seller's database since it was recorded there; and (vii) it is the regular practice of Seller's business to maintain and compile such data.

This Bill of Sale and Assignment of Accounts and Receivables may be entered as evidence of ownership for any of the Purchased Accounts conveyed hereby.

**Closing date:  July 19, 2023**

Credit Asset Sales LLC

Craig Bennett, Authorized Representative

**EXHIBIT A**
ACCOUNT SCHEDULE

The Accounts that are specifically identified in the electronic file name **CreditOne_Fresh_Resurgent_072023**, with such electronic file incorporated herein by reference.

**Transfer and Assignment**

Resurgent Acquisitions LLC ("RALLC"), without recourse, to the extent permitted by applicable law, hereby transfers, sells, assigns, conveys, grants and delivers to LVNV Funding LLC ("LVNV") all of its right, title and interest in and to the receivables and other assets (the "Assets") identified on Exhibit A, in the Receivable File dated July 05, 2023 delivered by Credit Asset Sales LLC on July 19, 2023 for purchase by RALLC on July 19, 2023. The transfer of the Assets included electronically stored business records.

Dated: **July 19, 2023**

Resurgent Acquisitions LLC
a Delaware Limited Liability Company

By: _____

Name: Jackson Walker
Title:   Authorized Representative

Dated: **July 19, 2023**

LVNV Funding LLC
a Delaware Limited Liability Company

By: _____

Name: Daniel Picciano
Title:   Authorized Representative

**Exhibit A**

**Receivables File**

**07.19.23 CreditOne_Fresh_Resurgent_072023**

| Transfer Group | Portfolio | Transfer Batch |
|---|---|---|
| 935775 | 42103 | N/A |



| Court's Address and Phone Number:<br>PASSAIC Special Civil Part<br>77 HAMILTON STREET, FIRST FLOOR<br>PATERSON, NJ 07505-0000<br><br>973-653-2910 ext.24260 | **Superior Court of New Jersey**<br>**Law Division, Special Civil Part**<br>**PASSAIC** County<br>Docket No: **PAS-DC-001713-24**<br>**Civil Action**<br>**CONTRACT DISPUTE** |
|---|---|

### YOU ARE BEING SUED!

| **Person or Business Suing You (*Plaintiff*)**<br>LVNV Funding LLC | **Person or Business Being Sued (*Defendant*)**<br>Luis Rodriguez |
|---|---|
| **Plaintiff's Attorney Information**<br>DAVID A FALONI<br>FALONI LAW GROUP LLC<br>425 EAGLE ROCK AVE STE 404<br>ROSELAND, NJ 07068-0000<br>973-226-0050 | **The Person or Business Suing You Claims You Owe the Following:** |

| | |
|---|---|
| Demand Amount | $881.36 |
| Filing Fee | $50.00 |
| Service Fee | $7.00 |
| Attorney's Fees | $0.00 |
| **TOTAL** | **$938.36** |

**FOR JUDICIARY USE ONLY**

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement.** If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

**IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 03/18/2024, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:**

1. *Answer the complaint.* An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site njcourts.gov under the section for Forms. If you decide to file an answer to the complaint made against you:
   - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: *Treasurer, State of New Jersey.* Include PAS-DC-001713-24 (your Docket Number) on the check.
   - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before **03/18/2024**.

2. *Resolve the dispute.* Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the **SIGNED** agreement to the court's address listed above on or before **03/18/2024**.

**Please Note – You may wish to get an attorney to represent you.** If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 973-523-2900. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 973-278-9223. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

/s/ Michelle M. Smith

Clerk of the Superior Court

Case 2:24-cv-06493-EP-MAH    Document 1-2    Filed 05/28/24    Page 60 of 97 PageID: 70
ESX-L -002788-24  04/24/2024 9:15:11 PM  Pg 19 of 19  Trans ID: LCV20241051156

PAS-DC-001713-24  02/05/2024 2:50:24 PM  Pg 2 of 2  Trans ID: SCP2024418243

<table>
<tr><td>

Dirección y teléfono del tribunal<br>Parte Civil Especial de PASSAIC<br>77 HAMILTON STREET, FIRST FLOOR<br>PATERSON, NJ 07505-0000<br>973-653-2910 ext.24260</td><td>

**El Tribunal Superior de Nueva Jersey**<br>**División de Derecho, Parte Civil Especial**<br>Condado de PASSAIC<br>Número del expediente **PAS-DC-001713-24**<br>**Demanda de Acción Civil**<br>NOTIFICACIÓN DE DEMANDA<br>**CONTRACT DISPUTE**</td></tr>
</table>

## ¡LE ESTÁN DEMANDANDO!

| **Persona o entidad comercial que le está demandando _(el demandante)_** | **Persona o comercial ser demandada _(el demandado)_** |
|---|---|
| LVNV Funding LLC | Luis Rodriguez |
| **Información sobre el abogado del demandante** | **La persona o comercial que le está demandando afirma que usted le debe lo siguiente:** |

| **Información sobre el abogado del demandante** | | |
|---|---|---|
| DAVID A FALONI | Cantidad a la vista | $881.36 |
| FALONI LAW GROUP LLC | Tasa judicial | $50.00 |
| 425 EAGLE ROCK AVE STE 404 | Cargo del emplazamiento | $7.00 |
| ROSELAND, NJ 07068-0000 | Honorarios del abogado | $0.00 |
| 973-226-0050 | TOTAL | $938.36 |

**PARA USO EXCLUSIVO DEL PODER JUDICIAL**

En la demanda adjunta la persona o entidad comercial que le está demandando le informa brevemente al juez su versión de los hechos de la causa y la suma de dinero que afirma que usted le debe. Si usted no responde a la demanda puede perder la causa automáticamente y el juez puede dar al demandante lo que está pidiendo más intereses y los costos legales. Usted tiene 35 días a partir de la fecha del emplazamiento para presentar su respuesta o un acuerdo firmado. Si se dicta un fallo en su contra, un Oficial de la Parte Civil Especial puede embargar su dinero, sueldo o sus bienes muebles (personales) para pagar todo el fallo o una parte del mismo. El fallo es válido por 20 años.

**SI USTED NO ESTÁ DE ACUERDO** CON LAS ALEGACIONES DEL DEMANDANTE, EL TRIBUNAL TIENE QUE RECIBIR UNA RESPUESTA POR ESCRITO O UN ACUERDO FIRMADO PARA EL 03/18/2024 O ANTES DE ESA FECHA, O EL JUEZ PUEDE EMITIR UN FALLO EN SU CONTRA. SI USTED <u>NO ESTÁ DE ACUERDO</u> CON EL DEMANDANTE, DEBE HACER UNA DE LAS SIGUIENTES COSAS <u>O LAS DOS</u>:

1. _Responder a la demanda._ Un formulario de respuesta que le explicará cómo responder a la demanda está disponible en cualquiera de las Oficinas de la Parte Civil Especial de Nueva Jersey o en el sitio Internet del Poder Judicial njcourts.gov bajo la sección de formularios (Forms). Si usted decide presentar una respuesta a la demanda que se hizo en su contra:
   - Llene el formulario de Respuesta Y pague la tasa judicial de presentación que corresponda mediante un cheque o giro bancario o postal acreditable al: "_Treasurer, State of New Jersey_" (Tesorero del Estado de Nueva Jersey). Incluya **PAS-DC-001713-24** (el número de su expediente) en el cheque.
   - Envíe por correo el formulario de Repuesta llenado y el cheque o giro bancario o postal a la dirección del tribunal que figura más arriba, o entréguelos personalmente en dicha dirección.
   - Entregue personalmente o envíe por correo común una copia del formulario de Repuesta llenado al abogado del demandante. Si el demandante no tiene abogado, envíe su formulario de respuesta llenado al demandante por correo común y por correo certificado. Esto SE TIENE que hacer al mismo tiempo que presente su Respuesta al tribunal a más tardar el <u>03/18/2024</u>.

2. _Resolver la disputa._ Comuníquese con el abogado del demandante, o con el demandante si éste no tiene abogado, para resolver esta disputa. El demandante puede estar de acuerdo con aceptar arreglos de pago. **Si llegara a un acuerdo, envíe por correo o entregar personalmente el acuerdo FIRMADO** a la dirección del tribunal que figura más arriba, o entréguelo personalmente en dicha dirección a más tardar el <u>03/18/2024</u>.

**Nota – Puede que usted quiera conseguir que un abogado para que lo represente.** Si usted no puede pagar a un abogado, podría obtener consejos legales gratuitos si se comunica con Legal Services (Servicios Legales) llamando al 973-523-2900. Si usted puede pagar a un abogado, pero no conoce a ninguno, puede llamar al Lawyer Referral Services (Servicios de Recomendación de Abogados) del Colegio de Abogados (Bar Association) de su condado local al 973-278-9223. Notifique al tribunal ahora si usted necesita un intérprete o un arreglo por una discapacidad para cualquier comparecencia futura en el tribunal.

<div align="right">/s/ Michelle M. Smith</div>
<div align="right">Subsecretario(a) del Tribunal Superior</div>

# EXHIBIT B

*Rodriguez-Ocasio v. MHC Receivables LLC, et al.*
Docket No.: ESX-L-2788-24

FALONI LAW GROUP, LLC
DAVID A. FALONI, ESQ. - NJ ATTORNEY ID # 015371995
ATTORNEYS FOR PLAINTIFF
425 EAGLE ROCK AVENUE, SUITE 404
ROSELAND, NJ 07068
WWW.FALONILAWFIRM.COM
973-226-2525

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: Passaic County Courthouse
SPECIAL CIVIL PART

DOCKET NO. _____

Current Creditor: LVNV Funding LLC
Original Creditor: Credit One Bank, N.A.

·Plaintiff

vs.

COMPLAINT ON CONTRACT

Felicia Earle
88 Struyk Ave Fl 2
Prospect Park NJ 07508-2233

Defendant(s)

LVNV Funding LLC, whose business address is 355 S Main Street, Suite 300-D , Greenville SC 29601, complaining of the defendant says that:

1.      Defendant is indebted to the original creditor Credit One Bank, N.A., in the amount of $695.85 after failing to make agreed upon payments on this account. The original account was opened on or about 11/19/2019 and the account was charged off on or about 02/04/2022 due to non-payment.

2.      Plaintiff purchased the account and received the right title and interest to this account through an assignment of a debt for consideration. The last four digits of the original account number is ************0789 and the last three digits of the social security number is XXXXXXXXX667. The Chain of Title is attached to this complaint as Exhibit A.

3.·     The Defendant defaulted under the terms of the agreement by failing to pay despite the demand for which has been made but refused.  Plaintiff as successor in interest is seeking the amount due and owing as an account stated and/or book account.

4.      There is now due and owing to Plaintiff the sum of $695.85 plus costs of suit.

WHEREFORE, Plaintiff demands judgment for the demand amount alleged plus statutory costs and fees.

Page 1

<u>CERTIFICATION</u>

     I certify that the above matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated, and that no other parties should be joined in this action.  I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

                                  FALONI LAW GROUP, LLC

                                    *s/David A. Faloni*

                                  DAVID A. FALONI, ESQ.

Dated: January 31, 2024
File No. 144283

<u>DEFENDANT'S ADDRESS:</u>
Felicia Earle
88 Struyk Ave Fl 2
Prospect Park NJ 07508-2233
Passaic County

<u>ADDRESS OF THE COURT:</u>
Passaic County Courthouse
71 Hamilton Street
Paterson NJ 07505-2017
(973)653-2910

<p align="center">Page 2</p>

Case 2:24-cv-06493-EP-MAH    Document 1-2    Filed 05/28/24    Page 64 of 97 PageID: 74

ESX-L -002788-24   04/24/2024 9:15:11 PM   Pg 4 of 19   Trans ID: LCV20241051156.

PAS-DC-001832-24   02/06/2024 6:08:20 PM   Pg 1 of 14   Trans ID: SCP2024439336

## BILL OF SALE AND ASSIGNMENT OF ACCOUNTS
## FROM CREDIT ONE BANK, N.A. TO MHC RECEIVABLES, LLC

As of February 28, 2022, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Credit One Bank, N.A. ("Assignor") has transferred, has sold, has assigned, has conveyed, has granted and has otherwise delivered to MHC Receivables, LLC ("Assignee"), all of Assignor's right, title and interest in and to (i) the charged-off credit card accounts identified on an account level basis in the data file named CreditOne_Fresh_Resurgent_032022 (the "Computer File"), a copy of which is attached hereto and incorporated herein by reference as "Exhibit A"; and, (ii) certain related account level media or electronic copies thereof (including, but not limited to applications, statements, terms and condition), and (iii) all claims or rights arising out of or relating to each account referenced on the Computer File (collectively hereinafter, the "Accounts") including, but not limited to, all claims and rights afforded each Account by virtue of that Account's corresponding terms and conditions.

The Accounts transferred under the terms of this Bill of Sale and Assignment of Accounts were each transferred to Assignee immediately following charge off for each applicable Account, as shown in the Computer File.

With respect to information for the Accounts, Assignor represents and warrants to Assignee that the business records conveyed to Assignee relating to: (i) the Accounts issued by Assignor; and (ii) the sale and assignment of Accounts by Assignor (collectively, the "Business Records"), are kept by Assignor in the regular course of its business. It is in the regular course of business of Assignor for an employee or an authorized representative with personal knowledge of the act, event, condition, or opinion (collectively "Event") to be recorded, to make the appropriate memorandum or recording of the Event at or reasonably near the time of the Event. Furthermore, Assignor represents and warrants to Assignee that the Business Records are materially complete and accurate, and thoroughly embody the information in Assignor's custody and control for the Accounts from their creation until the time of transfer to Assignee. These representations and warranties are intended to augment any other representations and warranties the parties may have in place and not supplant any other existing warranties and representations.

This Bill of Sale and Assignment of Accounts shall serve as evidence of ownership for the Accounts conveyed hereby and shall serve as an acknowledgment, as ratification, and as evidence of the intent of the parties to transfer the Accounts.

CREDIT ONE BANK, N.A.

Michael Wiese
Vice President

ESX-L -002788-24    04/24/2024 9:15:11 PM   Pg 5 of 19   Trans ID: LCV20241051156

PAS-DC-001832-24   02/06/2024 6:08:20 PM   Pg 2 of 14   Trans ID: SCP2024439336

<u>EXHIBIT A</u>

ACCOUNT SCHEDULE

The Accounts that are specifically identified in the electronic file named CreditOne_Fresh_Resurgent_032022 with such electronic file incorporated herein by reference.

ESX-L -002788-24   04/24/2024 9:15:11 AM   Pg 6 of 19   Trans ID: LCV20241051156.

PAS-DC-001832-24   02/06/2024 6:08:20 PM   Pg 3 of 14   Trans ID: SCP2024439336

## BILL OF SALE AND ASSIGNMENT OF RECEIVABLES
## FROM CREDIT ONE BANK, N.A. TO MHC RECEIVABLES, LLC

As of February 28, 2022 for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Credit One Bank, N.A. ("Assignor") has transferred, has sold, has assigned, has conveyed, has granted and has otherwise delivered to MHC Receivables, LLC ("Assignee"), all of Assignor's right, title and interest in and to (i) the receivables associated with each and every account referenced in the data file named CreditOne_Fresh_Resurgent_032022   (the "Computer File"), a copy of which is attached hereto and incorporated herein by reference as "Exhibit A"; and, (ii) all claims or rights arising out of or relating to each of those Receivables (hereinafter, the "Receivables").

The Receivables transferred under the terms of this Bill of Sale and Assignment of Receivables were each transferred to Assignee prior to the charge off of the associated accounts, as shown in the Computer File. This Bill of Sale and Assignment of Receivables evidences the intent between the parties for the transfer of the Receivables, acts as an acknowledgement of those transfers, and, to the extent necessary, ratification of the transfers.

With respect to information for the Receivables, Assignor represents and warrants to Assignee that the business records conveyed to Assignee relating to the Receivables (the "Business Records"), are kept by Assignor in the regular course of its business. It is in the regular course of business of Assignor for an employee or an authorized representative with personal knowledge of the act, event, condition, or opinion (collectively "Event") to be recorded, to make the appropriate memorandum or recording of the Event at or reasonably near the time of the Event. Furthermore, Assignor represents and warrants to Assignee that the Business Records are materially complete and accurate, and thoroughly embody the information in Assignor's custody and control for the Receivables from their creation until the time of transfer to Assignee. These representations and warranties are intended to augment any other representations and warranties the parties may have in place and not supplant any other existing warranties and representations.

This Bill of Sale and Assignment of Receivables shall serve as evidence of ownership for the Receivables conveyed hereby and shall serve as an acknowledgment, as ratification, and as evidence of the intent of the parties to transfer the Receivables.

CREDIT ONE BANK, N.A.

Michael Wiese
Vice President

<u>BILL OF SALE AND ASSIGNMENT OF RECEIVABLES
FROM MHC RECEIVABLES, LLC, TO FNBM, LLC</u>

As of March 17, 2022, MHC Receivables, LLC ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, has periodically transferred, has sold, has assigned, has conveyed, has granted and has otherwise delivered to FNBM, LLC,  ("Assignee") all of its rights, title and interest in and to (i) the receivables identified and specifically referenced for each of the accounts on an account level basis on the data file titled CreditOne_Fresh_Resurgent_032022  attached hereto and incorporated by reference as "Exhibit A" ; and (ii) all claims or rights arising out of or relating to the account level receivables (hereinafter the "Receivables").

With respect to information for the Receivables, Assignor represents and warrants to Assignee that the business records conveyed to Assignee relating to the Receivables (the "Business Records"), are kept by Assignor in the regular course of its business. It is in the regular course of business of Assignor for an employee or an authorized representative with personal knowledge of the act, event, condition, or opinion (collectively "Event") to be recorded, to make the appropriate memorandum or recording of the Event at or reasonably near the time of the Event. Furthermore, Assignor represents and warrants to Assignee that the Business Records are materially complete and accurate, and thoroughly embody the information in Assignor's custody and control for the Receivables from their creation until the time of transfer to Assignee.  These representations and warranties are intended to augment any other representations and warranties the parties may have in place and not supplant any other existing warranties and representations.

This Bill of Sale and Assignment of Receivables shall serve as an acknowledgment, as ratification, and as evidence of the intent of the parties to transfer the Released Receivables referenced herein.

MHC Receivables, LLC

Mark Rufail, Authorized Representative

ESX-L -002788-24   04/24/2024 9:15:11 PM   Pg 10 of 19   Trans ID: LCV20241051156

PAS-DC-001832-24   02/06/2024 6:08:20 PM   Pg 7 of 14   Trans ID: SCP2024439336

## BILL OF SALE AND ASSIGNMENT OF RECEIVABLES
## FROM FNBM, LLC, TO CREDIT ASSET SALES LLC

On **March 17, 2022**, FNBM, LLC ("Assignor"), for good and valuable consideration, the receipt of which is hereby acknowledged,  hereby transfers, sells, assigns, conveys, grants and delivers to Credit Asset Sales LLC ("Assignee"), all of its rights, title and interest in and to (i) the receivables identified and specifically referenced for each of the accounts on an account level basis on the data file titled CreditOne_Fresh_Resurgent_032022 attached hereto and incorporated by reference as "Exhibit A"; and (ii) all claims or rights arising out of or relating to the receivables (hereinafter the "Receivables").

This Bill of Sale and Assignment of Receivables shall serve as evidence of ownership for any of the Receivables conveyed hereby.

FNBM, LLC

Greg Hammond, Authorized Representative

With respect to information for the Receivables, MHC Receivables, LLC ("MHC") represents and warrants to Assignee that the business records conveyed to Assignee relating to the Receivables (the "Business Records"), are kept by MHC in the regular course of its business. It is in the regular course of business of MHC for an employee or an authorized representative with personal knowledge of the act, event, condition, or opinion (collectively "Event") to be recorded, to make the appropriate memorandum or recording of the Event at or reasonably near the time of the Event. Furthermore, Assignor represents and warrants to Assignee that the Business Records are materially complete and accurate, and thoroughly embody the information in Assignor's custody and control for the Receivables from their creation until the time of transfer to Assignee. These representations and warranties are intended to augment any other representations and warranties the parties may have in place and not supplant any other existing warranties and representations.

MHC Receivables, LLC

Mark Rufail, Authorized Representative

EXHIBIT A
ACCOUNT SCHEDULE

The Accounts that are specifically identified in the electronic file name CreditOne_Fresh_Resurgent_032022, with such electronic file incorporated herein by reference.

### BILL OF SALE AND ASSIGNMENT OF ACCOUNTS
### FROM MHC RECEIVABLES, LLC TO CREDIT ASSET SALES LLC

On March 17, 2022, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, MHC Receivables, LLC ("Assignor"), hereby transfers, sells, assigns, conveys, grants and otherwise delivers to Credit Asset Sales LLC ("Assignee"), all of Assignor's, rights title and interest in and to (i) the charged-off accounts identified on an account level basis in the data file named CreditOne_Fresh_Resurgent_032022 (the "Computer File"), a copy of which is attached hereto and incorporated herein by reference as "Exhibit A"; and, (ii) certain related account level media or electronic copies thereof (including, but not limited to applications, statements, terms and condition), and (iii) all claims or rights arising out of or relating to each referenced account (collectively hereinafter the "Accounts") including, but not limited to, all claims and rights afforded each account by virtue of that account's corresponding terms and conditions.

With respect to information for the Accounts described in the related Computer File, Assignor represents and warrants to Assignee that the business records relating to: (i) the Accounts owned by Assignor; and (ii) the sale and assignment of Accounts by Assignor (collectively, the "Business Records"), are kept by Assignor in the regular course of its business. It is in the regular course of business of Assignor for an employee or an authorized representative with personal knowledge of the act, event, condition, or opinion (collectively "Event") to be recorded, to make the appropriate memorandum or recording at or reasonably near the time of the Event. Furthermore, Assignor represents and warrants to Assignee that the Business Records are materially complete and accurate and thoroughly embody the information in Assignor's custody and control for the Accounts listed in the Computer File from Assignor's receipt of those Accounts until the time of transfer to Assignee. These representations and warranties are intended to augment any other representations and warranties the parties may have in place and not supplant any other existing warranties and representations.

This Bill of Sale and Assignment of Accounts shall serve as evidence of ownership for any of the Accounts conveyed hereby.

MHC Receivables, LLC

Mark Rufail, Authorized Representative

ESX-L -002788-24   04/24/2024 9:15:11 PM   Pg 14 of 19   Trans ID: LCV20241051156
PAS-DC-001832-24   02/06/2024 6:08:20 PM   Pg 11 of 14   Trans ID: SCP2024439336

## BILL OF SALE AND ASSIGNMENT OF ACCOUNTS AND RECEIVABLES
## FROM CREDIT ASSET SALES LLC TO RESURGENT ACQUISITIONS LLC

Credit Asset Sales LLC ("Seller"), the owner of certain accounts and associated receivables (hereinafter referred to collectively as "Purchased Accounts"), for value received and in accordance with the terms of the Purchase and Sale Agreement, by and between Seller and Resurgent acquisitions LLC. ("Buyer"), dated as of **January 1, 2022** ("Agreement"), does hereby sell, assign and transfer to Buyer, its successors and assigns, all right, title and interest in and to the Purchased Accounts as described on the computer file named **CreditOne_Fresh_Resurgent_032022** (the "Computer File"), a copy of which is attached hereto and incorporated herein by reference as "Exhibit A".

This Bill of Sale and Assignment of Accounts and Receivables is subject to the terms of the Agreement and is made without representations and warranties of any kind or character except as expressly stated in the Agreement, or as expressly stated below.

With respect to information for the Purchased Accounts described in the related Computer File, to the best of Seller's knowledge, Seller represents and warrants to Buyer that such information (i) is materially complete and accurate; (ii) constitutes Seller's own business records that pertain to the Purchased Accounts and accurately reflects in all material respects the information in Seller's database; (iii) was kept in the regular course of Seller's business; (iv) was made, entered or compiled in the regular course of business; (v) was recorded at or near the time the underlying activity occurred, by a person with knowledge of the data recorded; (vi) has been accurately maintained in Seller's database since it was recorded there; and (vii) it is the regular practice of Seller's business to maintain and compile such data.

This Bill of Sale and Assignment of Accounts and Receivables may be entered as evidence of ownership for any of the Purchased Accounts conveyed hereby.

**Closing date: March 17, 2022**

Credit Asset Sales LLC

Craig Bennett, Authorized Representative

ESX-L -002788-24   04/24/2024 9:15:11 PM   Pg 15 of 19   Trans ID: LCV20241051156
PAS-DC-001832-24   02/06/2024 6:08:20 PM   Pg 12 of 14   Trans ID: SCP2024439336

EXHIBIT A
ACCOUNT SCHEDULE

The Accounts that are specifically identified in the electronic file name CreditOne_Fresh_Resurgent_032022, with such electronic file incorporated herein by reference.

**Transfer and Assignment**

Resurgent Acquisitions LLC ("RALLC"), without recourse, to the extent permitted by applicable law, hereby transfers, sells, assigns, conveys, grants and delivers to LVNV Funding LLC ("LVNV") all of its right, title and interest in and to the receivables and other assets (the "Assets") identified on Exhibit A, in the Receivable File dated March 02, 2022 delivered by Credit Asset Sales LLC on March 17, 2022 for purchase by RALLC on March 17, 2022. The transfer of the Assets included electronically stored business records.

Dated: **March 17, 2022**

Resurgent Acquisitions LLC
a Delaware Limited Liability Company

By: _____

Name: Jackson Walker
Title:   Authorized Representative

Dated: **March 17, 2022**

LVNV Funding LLC
a Delaware Limited Liability Company

By: _____

Name: Daniel Picciano
Title:   Authorized Representative

**Exhibit A**

## Receivables File
**03.17.22 CreditOne_Fresh_Resurgent_032022**

| Transfer Group | Portfolio | Transfer Batch |
|---|---|---|
| 808867 | 39897 | N/A |

Case 2:24-cv-06493-EP-MAH    Document 1-2    Filed 05/28/24    Page 75 of 97 PageID: 85
ESX-L -002788-24   04/24/2024 9:15:11 PM   Pg 18 of 19   Trans ID: LCV20241051156

PAS-DC-001832-24   02/06/2024 6:08:20 PM   Pg 1 of 2   Trans ID: SCP2024439336

<table>
<tr><td> Court's Address and Phone Number:<br>PASSAIC Special Civil Part<br>77 HAMILTON STREET, FIRST FLOOR<br>PATERSON, NJ 07505-0000<br><br>973-653-2910 ext.24260</td><td><strong>Superior Court of New Jersey<br>Law Division, Special Civil Part<br>PASSAIC County</strong><br>Docket No: <strong>PAS-DC-001832-24</strong><br><strong>Civil Action<br>CONTRACT DISPUTE</strong></td></tr>
</table>

## YOU ARE BEING SUED!

| **Person or Business Suing You (*Plaintiff*)**<br>LVNV Funding LLC | **Person or Business Being Sued (*Defendant*)**<br>Felicia Earle |
|---|---|
| **Plaintiff's Attorney Information**<br>DAVID A FALONI<br>FALONI LAW GROUP LLC<br>425 EAGLE ROCK AVE STE 404<br>ROSELAND, NJ 07068-0000<br>973-226-0050 | **The Person or Business Suing You Claims You Owe the Following:** |

|  | |
|---|---|
| Demand Amount | $695.85 |
| Filing Fee | $50.00 |
| Service Fee | $7.00 |
| Attorney's Fees | $0.00 |
| **TOTAL** | **$752.85** |

**FOR JUDICIARY USE ONLY**

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement.** If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

**IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 03/19/2024, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:**

1. ***Answer the complaint.*** An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site njcourts.gov under the section for Forms. If you decide to file an answer to the complaint made against you:
   - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: *Treasurer, State of New Jersey.* Include **PAS-DC-001832-24** (your Docket Number) on the check.
   - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before **03/19/2024**.

2. ***Resolve the dispute.*** Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the **SIGNED** agreement to the court's address listed above on or before **03/19/2024**.

**Please Note - You may wish to get an attorney to represent you.** If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 973-523-2900. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 973-278-9223. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

/s/ Michelle M. Smith
Clerk of the Superior Court

| | |
|---|---|
|  Dirección y teléfono del tribunal<br>Parte Civil Especial de PASSAIC<br>77 HAMILTON STREET, FIRST FLOOR<br>PATERSON, NJ 07505-0000<br>973-653-2910 ext.24260 | **El Tribunal Superior de Nueva Jersey**<br>**División de Derecho, Parte Civil Especial**<br>Condado de PASSAIC<br>Número del expediente **PAS-DC-001832-24**<br>**Demanda de Acción Civil**<br>NOTIFICACIÓN DE DEMANDA<br>CONTRACT DISPUTE |

## ¡LE ESTÁN DEMANDANDO!

| **Persona o entidad comercial que le está demandando** *(el demandante)* | **Persona o comercial ser demandada** *(el demandado)* |
|---|---|
| LVNV Funding LLC | Felicia Earle |
| | |
| **Información sobre el abogado del demandante** | **La persona o comercial que le está demandando afirma que usted le debe lo siguiente:** |
| DAVID A FALONI<br>FALONI LAW GROUP LLC<br>425 EAGLE ROCK AVE STE 404<br>ROSELAND, NJ 07068-0000<br>973-226-0050 | Cantidad a la vista $695.85<br>Tasa judicial $50.00<br>Cargo del emplazamiento $7.00<br>Honorarios del abogado $0.00<br>**TOTAL $752.85** |

### PARA USO EXCLUSIVO DEL PODER JUDICIAL

En la demanda adjunta la persona o entidad comercial que le está demandando le informa brevemente al juez su versión de los hechos de la causa y la suma de dinero que afirma que usted le debe. **Si usted no responde a la demanda puede perder la causa automáticamente y el juez puede dar al demandante lo que está pidiendo más intereses y los costos legales. Usted tiene 35 días a partir de la fecha del emplazamiento para presentar su respuesta o un acuerdo firmado.** Si se dicta un fallo en su contra, un Oficial de la Parte Civil Especial puede embargar su dinero, sueldo o sus bienes muebles (personales) para pagar todo el fallo o una parte del mismo. El fallo es válido por 20 años.

**SI USTED NO ESTÁ DE ACUERDO CON LAS ALEGACIONES DEL DEMANDANTE, EL TRIBUNAL TIENE QUE RECIBIR UNA RESPUESTA POR ESCRITO O UN ACUERDO FIRMADO PARA EL 03/19/2024 O ANTES DE ESA FECHA, O EL JUEZ PUEDE EMITIR UN FALLO EN SU CONTRA. SI USTED <u>NO ESTÁ DE ACUERDO</u> CON EL DEMANDANTE, DEBE HACER <u>UNA</u> DE LAS SIGUIENTES COSAS <u>O LAS DOS</u>:**

1. **Responder a la demanda.** Un formulario de respuesta que le explicará cómo responder a la demanda está disponible en cualquiera de las Oficinas de la Parte Civil Especial de Nueva Jersey o en el sitio Internet del Poder Judicial njcourts.gov bajo la sección de formularios (Forms). Si usted decide presentar una respuesta a la demanda que se hizo en su contra:
   - Llene el formulario de Respuesta Y pague la tasa judicial de presentación que corresponda mediante un cheque o giro bancario o postal acreditable al: *"**Treasurer, State of New Jersey** "* (Tesorero del Estado de Nueva Jersey). Incluya **PAS-DC-001832-24** (el número de su expediente) en el cheque.
   - Envíe por correo el formulario de Repuesta llenado y el cheque o giro bancario o postal a la dirección del tribunal que figura más arriba, o entréguelos personalmente en dicha dirección.
   - Entregue personalmente o envíe por correo común una copia del formulario de Repuesta llenado al abogado del demandante. Si el demandante no tiene abogado, envíe su formulario de respuesta llenado al demandante por correo común y por correo certificado. Esto SE TIENE que hacer al mismo tiempo que presente su Respuesta al tribunal a más tardar el 03/19/2024.

2. *Resolver la disputa.* Comuníquese con el abogado del demandante, o con el demandante si éste no tiene abogado, para resolver esta disputa. El demandante puede estar de acuerdo con aceptar arreglos de pago. **Si llegara a un acuerdo, envíe por correo o entregar personalmente el acuerdo FIRMADO** a la dirección del tribunal que figura más arriba, o entréguelo personalmente en dicha dirección a más tardar el 03/19/2024.

**Nota - Puede que usted quiera conseguir que un abogado para que lo represente.** Si usted no puede pagar a un abogado, podría obtener consejos legales gratuitos si se comunica con Legal Services (Servicios Legales) llamando al 973-523-2900. Si usted puede pagar a un abogado, pero no conoce a ninguno, puede llamar al Lawyer Referral Services (Servicios de Recomendación de Abogados) del Colegio de Abogados (Bar Association) de su condado local al 973-278-9223. Notifique al tribunal ahora si usted necesita un intérprete o un arreglo por una discapacidad para cualquier comparecencia futura en el tribunal.

/s/ Michelle M. Smith

Subsecretario(a) del Tribunal Superior

Yongmoon Kim, Esq. (NJ Atty ID: 026122011)
ykim@kimlf.com
Mark Jensen, Esq. (NJ Atty. ID 309612022)
mjensen@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax: (201) 273-7117

*Attorneys for Plaintiffs Luis A. Rodriguez-Ocasio and Felicia Ann Earle*

| | |
|---|---|
| LUIS A. RODRIGUEZ-OCASIO and FELICIA ANN EARLE, *on behalf of themselves and those similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>MHC RECEIVABLES LLC;<br>FNBM LLC;<br>CREDIT ASSET SALES LLC;<br>RESURGENT ACQUISITIONS, LLC;<br>LVNV FUNDING LLC; and<br>JOHN DOES 1 to 10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY<br><br>Civil Action<br><br>Docket No. ESX-L-2788-24<br><br>(Lead Case)<br><br><br>**CONSOLIDATED WITH:** |
| LVNV FUNDING, LLC<br><br>Plaintiff,<br><br>vs.<br><br>FELICIA EARLE<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, SPECIAL CIVIL PART PASSAIC COUNTY<br><br>Civil Action<br><br>Docket No. PAS-DC-1832-24<br><br>and |

| | |
|---|---|
| LVNV FUNDING, LLC<br><br>Plaintiff,<br><br>vs.<br><br>LUIS RODRIGUEZ<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, SPECIAL CIVIL PART<br>PASSAIC COUNTY<br><br>Civil Action<br><br>Docket No. PAS-DC-1713-24 |

## ORDER
## GRANTING PLAINTIFFS'
## LUIS A. RODRIGUEZ-OCASIO AND FELICIA ANN EARLE
## MOTION TO TRANSFER AND CONSOLIDATE

This matter, having been brought before the Court by Plaintiffs, Luis A. Rodriguez-Ocasio and

Felicia Ann Earle, by their attorneys, KIM LAW FIRM LLC, seeking an Order: (1) transferring the

matters of *LVNV Funding, LLC vs. Luis Rodriguez*, Docket No. PAS-DC-1713-24 and of *LVNV*

*Funding, LLC vs. Felicia Earle*, Docket No. PAS-DC-1832-24, from the Passaic County Special

Civil Part to the Essex County Law Division, pursuant to *R.* 6:4-1(a); and, (2) consolidating that

matter with the above-captioned matter *Luis A. Rodriguez-Ocasio and Felicia Ann Earle, on*

*behalf on themselves and those similarly situated, v. MHC Receivables LLC; FNBM LLC;*

*Credit Asset Sales LLC; Resurgent Acquisitions, LLC; LVNV Funding LLC; and John Does 1 to*

*10*, pursuant to *R.* 4:38-1(a); and the Court having reviewed the moving papers and any

opposition thereto; and the Court having heard the argument of counsel, if any; and for good

cause appearing,

**IT IS**, on this _____ day of _____, 2024,

**ORDERED** that:

1. The matter of *LVNV Funding, LLC vs Luis Rodriguez*, Docket No. PAS-DC-1713-24, is hereby transferred from the Passaic County Special Civil Part to the Essex County Law Division, pursuant to *R.* 6:4-1(a).

2. The matter of *LVNV Funding, LLC vs Felicia Earle*, Docket No. PAS-DC-1832-24, is hereby transferred from the Passaic County Special Civil Part to the Essex County Law Division, pursuant to *R.* 6:4-1(a).

3. The matters of *LVNV Funding, LLC, vs Luis Rodriguez*, Docket No. PAS-DC-1713-24, and *LVNV Funding, LLC vs Felicia Earle*, Docket No. PAS-DC-1832-24 are hereby consolidated with the matter of *Luis A. Rodriguez-Ocasio and Felicia Ann Earle, on behalf on themselves and those similarly situated, v. MHC Receivables LLC; FNBM LLC; Credit Asset Sales LLC; Resurgent Acquisitions, LLC; LVNV Funding LLC; and John Does 1 to 10*, for all purposes.

4. The Clerk of the Passaic Special Civil Part shall transmit the papers on file in that Court, together with copies thereof, in the matter of *LVNV Funding, LLC, vs Luis Rodriguez*, Docket No. PAS-DC-1713-24, and *LVNV Funding, LLC vs Felicia Earle*, Docket No. PAS-DC-1832-24, to the Clerk of the Essex County Law Division.

5. All papers hereafter filed in the consolidated action shall contain the caption and docket number of each separate action and state with specificity the pleading or Motion to which the paper is responsive.

6. Plaintiffs shall file a copy of this Order with the Clerk of the Passaic County Special Civil Part within seven (7) days of the date hereof.

7. A copy of this Order shall be included in the Clerk of Court's file for each separate action.

8. A copy of this Order shall be served upon all parties and counsel of record within seven (7) days of the date hereof.

_____

**HONORABLE KEITH E. LYNOTT, J.S.C.**

_____Opposed

_____Unopposed

Yongmoon Kim, Esq. (NJ Atty ID: 026122011)
ykim@kimlf.com
Mark Jensen, Esq. (NJ Atty. ID 309612022)
mjensen@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax: (201) 273-7117

*Attorneys for Plaintiffs Luis A. Rodriguez-Ocasio and Felicia Ann Earle*

|  |  |
|---|---|
| LUIS A. RODRIGUEZ-OCASIO AND FELICIA ANN EARLE, *on behalf of themselves and those similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>MHC RECEIVABLES LLC;<br>FNBM LLC;<br>CREDIT ASSET SALES LLC;<br>LVNV FUNDING LLC;<br>RESURGENT ACQUISITIONS, LLC; and<br>JOHN DOES 1 to 10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY<br><br>Civil Action<br><br>Docket No. ESX-L-2788-24<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on April 24, 2024, I caused a true and correct copy of the within Plaintiffs' Motion to Transfer and Consolidate to be served on this date upon:

*Via Delaware Attorney Services, LLC*

MHC Receivables LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

*Via Delaware Attorney Services, LLC*

FNBM LLC
2711 Centerville Road, Suite 400
Wilmington, Delaware, 19808

Page **1** of **2**

*Via Delaware Attorney Services, LLC*

Credit Asset Sales LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

*Via Delaware Attorney Services, LLC*

Resurgent Acquisitions, LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

*Via Delaware Attorney Services, LLC*

LVNV Funding, LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware 19808

*Via Certified Mail, Return Receipt Requested, First-Class Mail and Email*
David A. Faloni, Esq.
FALONI LAW GROUP, LLC
425 Eagle Rock Avenue, Suite 404
Roseland, New Jersey 07068

*/s/ Mark Jensen*
Mark Jensen Esq.

DATED: April 24, 2024

# AFFADAVIT OF
# PROCESS SERVER

Job #  <u>10940409</u>
Ref #  <u>24-030</u>

# Affidavit of Process Server

In <u>The Superior Court of New Jersey in and for Essex County, Law Division</u>

(NAME OF COURT)

| Luis A. Rodriguez-Ocasio and Felicia Ann Earle, on behalf of themselves and those similarly situated | VS MHC Receivables LLC, et al | ESX-L-2788-24 |
|---|---|---|
| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER |

**I** <u>Stuart Idelson</u>, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized to perform said service.

**Service:** I served _____ <u>Credit Asset Sales LLC</u> _____

NAME OF PERSON / ENTITY BEING SERVED

with (list documents) <u>Summons; Complaint; Track Assignment Notice; Civil Case Information Sheet; and Motion to Transfer and Consolidate (Received Apr 26, 2024 at 11:37am EDT)</u>
by leaving with <u>Left in the presence of Donna "Doe", registered agent representative (per agent policy they will no longer provide a name for acceptance). All legal documents must be left in the basket at front desk.</u>

NAME/RELATIONSHIP/TITLE

Service Address: _____ <u>Corporation Service Company, Registered Agent 251 Little Falls Drive, Wilmington, DE 19808</u> _____

On _____ <u>Fri, Apr 26 2024</u> _____ AT _____ <u>01:20 PM</u> _____

DATE                                                                         TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____

DATE

from _____

CITY                    STATE                    ZIP

**Manner of Service:**

☐ **Personal:** By personally delivering copies to the person being served.

☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 and explaining the general nature of the papers.

☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

☒ **Corporate:** By personally delivering copies to the person named above.

☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ **Unknown at Address**   ☐ **Moved, Left no Forwarding**   ☐ **Service Cancelled by Litigant**   ☐ **Unable to Serve in Timely Fashion**
☐ **Address Does Not Exist**   ☐ **Other** _____

**Description:**  Age  <u>60</u>  Sex  <u>Female</u>  Race  <u>Caucasian</u>  Height  <u>5'5"</u>  Weight  <u>160 lb</u>  Hair  <u>Brown</u>  Beard _____  Glasses _____

Date: <u>April 26, 2024</u>

_Stuart Idelson_

SIGNATURE OF PROCESS SERVER

Subscribed and sworn before me a Notary Public of the State of Delaware on <u>April 26, 2024</u> (Date)

SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC for the State of Delaware

KIMBERLY J. RYAN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 31, 2028

Job #   10940419
Ref #   24-030

# Affidavit of Process Server

In The Superior Court of New Jersey in and for Essex County, Law Division
**(NAME OF COURT)**

| Luis A. Rodriguez-Ocasio and Felicia Ann Earle, on behalf of themselves and those similarly situated | VS | MHC Receivables LLC, et al | ESX-L-2788-24 |
|---|---|---|---|
| **PLAINTIFF/PETITIONER** | | **DEFENDANT/RESPONDENT** | **CASE NUMBER** |

**I** Stuart Idelson, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized to perform said service.

**Service:** I served _____ FNBM LLC _____
**NAME OF PERSON / ENTITY BEING SERVED**

with (list documents) Summons; Complaint; Track Assignment Notice; Civil Case Information Sheet; and Motion to Transfer and Consolidate (Received Apr 26, 2024 at 11:37am EDT)
by leaving with  Left in the presence of Donna "Doe", registered agent representative (per agent policy they will no longer provide a name for acceptance). All legal documents must be left in the basket at front desk.
**NAME/RELATIONSHIP/TITLE**

**Service Address:** _____ Corporation Service Company, Registered Agent 251 Little Falls Drive, Wilmington, DE 19808 _____

On _____ Fri, Apr 26 2024 _____ AT _____ 01:20 PM _____
        **DATE**                                                                    **TIME**

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
                                                                                                **DATE**

from _____
            **CITY**              **STATE**              **ZIP**

**Manner of Service:**
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☒ **Corporate:** By personally delivering copies to the person named above.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.
☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ **Unknown at Address**  ☐ **Moved, Left no Forwarding**  ☐ **Service Cancelled by Litigant**  ☐ **Unable to Serve in Timely Fashion**
☐ **Address Does Not Exist**  ☐ **Other** _____

**Description:** Age _60_ Sex _Female_ Race _Caucasian_ Height _5'5"_ Weight _160 lb_ Hair _Brown_ Beard _____ Glasses _____

Date: April 26, 2024 _____

_Stuart Idelson_
**SIGNATURE OF PROCESS SERVER**

Subscribed and sworn before me a Notary Public of the State of Delaware on April 26, 2024 (Date)

_____
**SIGNATURE OF NOTARY PUBLIC**
**NOTARY PUBLIC for the State of Delaware**

KIMBERLY J. RYAN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 31, 2028

Job #   10940425
Ref #   24-030

# Affidavit of Process Server

In The Superior Court of New Jersey in and for Essex County, Law Division
(NAME OF COURT)

| Luis A. Rodriguez-Ocasio and Felicia Ann Earle, on behalf of themselves and those similarly situated | VS MHC Receivables LLC, et al | ESX-L-2788-24 |
|---|---|---|
| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER |

I Stuart Idelson, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized to perform said service.

Service: I served _____ LVNV Funding LLC _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) Summons; Complaint; Track Assignment Notice; Civil Case Information Sheet; and Motion to Transfer and Consolidate (Received Apr 26, 2024 at 11:37am EDT)
by leaving with  Left in the presence of Donna "Doe", registered agent representative (per agent policy they will no longer provide a name for acceptance). All legal documents must be left in the basket at front desk.
NAME/RELATIONSHIP/TITLE

Service Address: _____ Corporation Service Company, Registered Agent 251 Little Falls Drive, Wilmington, DE 19808

On _____ Fri, Apr 26 2024 _____ AT _____ 01:20 PM _____
DATE                                                                      TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY                    STATE              ZIP

Manner of Service:
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☒ **Corporate:** By personally delivering copies to the person named above.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.
☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ **Unknown at Address** ☐ **Moved, Left no Forwarding** ☐ **Service Cancelled by Litigant** ☐ **Unable to Serve in Timely Fashion**
☐ **Address Does Not Exist** ☐ **Other** _____

**Description:**  Age  60  Sex  Female  Race  Caucasian  Height  5'5"  Weight  160 lb  Hair  Brown  Beard _____  Glasses _____

Date: April 26, 2024 _____

_Stuart Idelson_
SIGNATURE OF PROCESS SERVER

Subscribed and sworn before me a Notary Public of the State
of Delaware on April 26, 2024 (Date)

SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC for the State of Delaware

KIMBERLY J. RYAN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 31, 2028

Job #  <u>10940430</u>
Ref #  <u>24-030</u>

# Affidavit of Process Server

In The Superior Court of New Jersey in and for Essex County, Law Division
(NAME OF COURT)

| Luis A. Rodriguez-Ocasio and Felicia Ann Earle, on behalf of themselves and those similarly situated | VS | MHC Receivables LLC, et al | ESX-L-2788-24 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

**I** <u>Stuart Idelson</u>, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized to perform said service.

Service: I served _____ MHC Receivables LLC _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) <u>Summons; Complaint; Track Assignment Notice; Civil Case Information Sheet; and Motion to Transfer and Consolidate</u>
<u>(Received Apr 26, 2024 at 11:37am EDT)</u>
by leaving with  Left in the presence of Donna "Doe", registered agent representative (per agent policy they will no longer provide a name for acceptance). All legal documents must be left in the basket at front desk.
NAME/RELATIONSHIP/TITLE

Service Address: _____ Corporation Service Company, Registered Agent 251 Little Falls Drive, Wilmington, DE 19808 _____

On _____ Fri, Apr 26 2024 _____ AT _____ 01:20 PM _____
DATE                                                                                              TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY            STATE            ZIP

Manner of Service:
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☒ **Corporate:** By personally delivering copies to the person named above.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.
☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address  ☐ Moved, Left no Forwarding  ☐ Service Cancelled by Litigant  ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist  ☐ Other _____

**Description:**  Age <u>60</u>  Sex <u>Female</u>  Race <u>Caucasian</u>  Height <u>5'5"</u>  Weight <u>160 lb</u>  Hair <u>Brown</u> Beard _____  Glasses _____

Date: <u>April 26, 2024</u>

_Stuart Idelson_
SIGNATURE OF PROCESS SERVER

Subscribed and sworn before me a Notary Public of the State of Delaware on April 26, 2024 (Date)

SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC for the State of Delaware

KIMBERLY J. RYAN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 31, 2028

Job #   10940438
Ref #   24-030

# Affidavit of Process Server

In The Superior Court of New Jersey in and for Essex County, Law Division
(NAME OF COURT)

| Luis A. Rodriguez-Ocasio and Felicia Ann Earle, on behalf of themselves and those similarly situated | VS MHC Receivables LLC, et al | ESX-L-2788-24 |
|---|---|---|
| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER |

I Stuart Idelson, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized to perform said service.

Service: I served _____ Resurgent Acquisitions LLC _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) Summons; Complaint; Track Assignment Notice; Civil Case Information Sheet; and Motion to Transfer and Consolidate (Received Apr 26, 2024 at 11:37am EDT)
by leaving with  Left in the presence of Donna "Doe", registered agent representative (per agent policy they will no longer provide a name for acceptance). All legal documents must be left in the basket at front desk.
NAME/RELATIONSHIP/TITLE

Service Address: _____ Corporation Service Company, Registered Agent 251 Little Falls Drive, Wilmington, DE 19808 _____

On _____ Fri, Apr 26 2024 _____ AT _____ 01:20 PM _____
DATE                                                                     TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY                STATE                ZIP

**Manner of Service:**
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☒ **Corporate:** By personally delivering copies to the person named above.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.
☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address ☐ Moved, Left no Forwarding ☐ Service Cancelled by Litigant ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other _____

**Description:**   Age   60   Sex   Female   Race   Caucasian   Height   5'5"   Weight   160 lb   Hair   Brown   Beard _____ Glasses _____

Date: April 26, 2024 _____

_Stuart Idelson_
SIGNATURE OF PROCESS SERVER

Subscribed and sworn before me a Notary Public of the State of Delaware on April 26, 2024 (Date)

_____
SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC for the State of Delaware

KIMBERLY J. RYAN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 31, 2028

# ORDER GRANTING MOTION TO TRANSFER AND CONSOLIDATE

Yongmoon Kim, Esq. (NJ Atty ID: 026122011)
ykim@kimlf.com
Mark Jensen, Esq. (NJ Atty. ID 309612022)
mjensen@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax: (201) 273-7117

**Granted.**

*Attorneys for Plaintiffs Luis A. Rodriguez-Ocasio and Felicia Ann Earle*

| | |
|---|---|
| LUIS A. RODRIGUEZ-OCASIO and FELICIA ANN EARLE, *on behalf of themselves and those similarly situated*, <br><br> Plaintiffs, <br><br> vs. <br><br> MHC RECEIVABLES LLC; FNBM LLC; CREDIT ASSET SALES LLC; RESURGENT ACQUISITIONS, LLC; LVNV FUNDING LLC; and JOHN DOES 1 to 10, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY <br><br> Civil Action <br><br> Docket No. ESX-L-2788-24 <br><br> (Lead Case) <br><br> <br> **<u>CONSOLIDATED WITH:</u>** |
| LVNV FUNDING, LLC <br><br> Plaintiff, <br><br> vs. <br><br> FELICIA EARLE <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, SPECIAL CIVIL PART PASSAIC COUNTY <br><br> Civil Action <br><br> Docket No. PAS-DC-1832-24 <br><br> and |

|  |  |
|---|---|
| LVNV FUNDING, LLC<br><br>            Plaintiff,<br><br>vs.<br><br>LUIS RODRIGUEZ<br><br>            Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, SPECIAL CIVIL PART<br>PASSAIC COUNTY<br><br>Civil Action<br><br>Docket No. PAS-DC-1713-24 |

**ORDER**
**GRANTING PLAINTIFFS'**
**LUIS A. RODRIGUEZ-OCASIO AND FELICIA ANN EARLE**
**MOTION TO TRANSFER AND CONSOLIDATE**

This matter, having been brought before the Court by Plaintiffs, Luis A. Rodriguez-Ocasio and Felicia Ann Earle, by their attorneys, KIM LAW FIRM LLC, seeking an Order: (1) transferring the matters of *LVNV Funding, LLC vs. Luis Rodriguez*, Docket No. PAS-DC-1713-24 and of *LVNV Funding, LLC vs. Felicia Earle*, Docket No. PAS-DC-1832-24, from the Passaic County Special Civil Part to the Essex County Law Division, pursuant to *R.* 6:4-1(a); and, (2) consolidating that matter with the above-captioned matter *Luis A. Rodriguez-Ocasio and Felicia Ann Earle, on behalf on themselves and those similarly situated, v. MHC Receivables LLC;  FNBM LLC; Credit Asset Sales LLC; Resurgent Acquisitions, LLC; LVNV Funding LLC; and  John Does 1 to 10*, pursuant to *R.* 4:38-1(a); and the Court having reviewed the moving papers and any opposition thereto; and the Court having heard the argument of counsel, if any; and for good cause appearing,

        **IT IS**, on this __15th__ day of ____May____, 2024,

        **ORDERED** that:

1. The matter of *LVNV Funding, LLC vs Luis Rodriguez*, Docket No. PAS-DC-1713-24, is hereby transferred from the Passaic County Special Civil Part to the Essex County Law Division, pursuant to *R.* 6:4-1(a).

2. The matter of *LVNV Funding, LLC vs Felicia Earle*, Docket No. PAS-DC-1832-24, is hereby transferred from the Passaic County Special Civil Part to the Essex County Law Division, pursuant to *R.* 6:4-1(a).

3. The matters of *LVNV Funding, LLC, vs Luis Rodriguez*, Docket No. PAS-DC-1713-24, and *LVNV Funding, LLC vs Felicia Earle*, Docket No. PAS-DC-1832-24 are hereby consolidated with the matter of *Luis A. Rodriguez-Ocasio and Felicia Ann Earle, on behalf on themselves and those similarly situated, v. MHC Receivables LLC; FNBM LLC; Credit Asset Sales LLC; Resurgent Acquisitions, LLC; LVNV Funding LLC; and John Does 1 to 10*, for all purposes.

4. The Clerk of the Passaic Special Civil Part shall transmit the papers on file in that Court, together with copies thereof, in the matter of *LVNV Funding, LLC, vs Luis Rodriguez*, Docket No. PAS-DC-1713-24, and *LVNV Funding, LLC vs Felicia Earle*, Docket No. PAS-DC-1832-24, to the Clerk of the Essex County Law Division.

5. All papers hereafter filed in the consolidated action shall contain the caption and docket number of each separate action and state with specificity the pleading or Motion to which the paper is responsive.

6. Plaintiffs shall file a copy of this Order with the Clerk of the Passaic County Special Civil Part within seven (7) days of the date hereof.

7. A copy of this Order shall be included in the Clerk of Court's file for each separate action.

8.  A copy of this Order shall be served upon all parties and counsel of record within

seven (7) days of the date hereof.



/s/   *Sheila Venable*
HON. SHEILA VENABLE, A.J.S.C

_____Opposed


__X__Unopposed

<u>**ESX-L-2788-24**</u>

<u>**STATEMENT OF REASONS**</u>

The above captioned matters arise out of attempted debt collection. <u>See</u> <u>generally</u> Pl. Br.

On February 5, 2024, Current Creditor: LVNV Funding LLC filed a Complaint in Passaic County against Luis Rodriguez under Docket No. PAS-DC-1713-24. The Complaint alleged that Luis Rodriquez is indebted to the original creditor, Credit One Bank, N.A., and because he defaulted under the terms of the agreement by failing to pay despite demand, LVNV LLC, as successor in interest, is seeking the amount due and owing as an account stated and/or book account. <u>Id.</u> ¶¶ 1-3.

On February 6, 2024, Current Creditor: LVNV Funding LLC, filed a Complaint in Passaic County against Felicia Earle under Docket No. PAS-DC-1832-24. The Complaint alleged that Felicia Earle is indebted to the original creditor, Credit One Bank, N.A., and because she defaulted under the terms of the agreement by failing to pay despite demand, LVNV LLC, as successor in interest, is seeking the amount due and owing as an account stated and/or book account. <u>Id.</u> ¶¶ 1-3.

On April 23, 2024, Luis A. Rodriquez-Ocasio and Felicia Ann Earle ("Essex County Plaintiffs") filed a Complaint in Essex County against MHC Receivables LLC, FNBM LLC, Credit Asset Sales LLC; Resurgent Acquisitions, LLC; LVNV Funding LLC, and other fictitious individuals under Docket No. ESX-L-2788-24. The Complaint alleged that this matter is a putative class action arising from Defendants' unlawful purchase and enforcement of alleged consumer debts when MHC Receivables LLC, FNBM LLC, Credit Asset Sales LLC ("Unlicensed Defendants"), failed to first obtain a license to engage in business as a consumer lender or sales finance company, as required by the New Jersey Consumer Finance Licensing Act ("NJCFLA"). <u>See</u> ESX-L-2788-24 Compl. ¶ 1. As a result of their alleged unlicensed status, Plaintiffs allege the credit accounts became void and unenforceable as of the dates the Defendants allegedly took assignment of them. <u>Ibid.</u>

On April 24, 2024, Essex County Plaintiffs filed the instant Motion to Consolidate and Transfer Venue. Specifically, Essex County Plaintiffs request that two Special Civil matters pending in the Passaic County Law Division be transferred to Essex County and consolidated with the Essex County Law Division Action. Plaintiffs assert that consolidation of these three actions is proper pursuant to <u>R.</u> 6:4-1(a) and <u>R.</u> 4:38-1. Plaintiffs argue that the basis for the transfers and consolidation is that the Essex County Law Division Action arises out of the same transactions and occurrences as the actions currently venued in the Special Civil Part of the Passaic County Law Division (the "Collection Lawsuits"). <u>See</u> Pl. Br. at 1. Therefore, Plaintiffs claim that the Collection Lawsuits and the instant action involve common questions of law and fact as well as identical parties, as their claims are directly related to Defendants' collection efforts, including the Complaints filed in the Collection Lawsuits. <u>See</u> Pl. Br. at 2. Because of this, Plaintiffs allege consolidation is appropriate, as the documents produced in discovery, testimony, and legal arguments relating to collection efforts for services will be substantially similar in both the Collection Lawsuits and this Law Division action, as both actions involve similar facts and evidence. <u>Id.</u> at 5. Plaintiffs next argue that consolidation is warranted to ensure judicial economy and prevent inconsistent results. <u>Ibid.</u> To this point, Plaintiffs argue that if the Collection Lawsuits were to go forward without being consolidated with the Law Division action, the claims raised in the Law Division action would likely be affected by the expedited disposition in the Special Civil Part, regardless of whether they were pleaded in the Special Civil Part, and regardless of whether there was a full and fair opportunity to develop a factual record to an extent commensurate with the complexity of the claims. <u>Id.</u> at 5-6. Because Plaintiffs' claims in ESX-L-2788-24 are not limited to claims on their own behalf, but also seek to pursue legal remedies on behalf of a class of all other similarly situated individuals, Plaintiffs assert that it is appropriate to transfer the matters from Passaic County Special Civil Part to the Essex County Law Division and consolidate them with this more

expansive Law Division class action. Id. at 2-3. Based upon the foregoing, Plaintiffs respectfully requests that the Court consolidate ESX-L-2788-24, PAS-DC-1713-24, PAS-DC-1832-24 in the Essex County Law Division.

R. 4:38-1 provides: "When actions involving a common question of law or fact arising out of the same transaction or series of transactions are pending in the Superior Court, the court on a party's or its own motion may order the actions consolidated." R. 4:38-1. Further, "[i]f the actions are not triable in the same county or vicinage, the order shall be made by the Assignment Judge of the county in which the venue is laid in the action first instituted…" Id. "A motion to consolidate an action pending in the Special Civil Part with an action in the Chancery Division or the Civil Part of the Law Division shall be heard, regardless of which with first filed, in the country in which venue is laid in the Chancery or Law Division, Civil Part action. If the motion is granted, the Special Civil Part action shall be consolidated with the Chancery or Law Division, Civil Part action." R. 4:38-1.

Here, two above-captioned actions are pending in Passaic County in the Special Civil Part of the Law Division, Docket Nos. PAS-DC-1713-24 and PAS-1832-24, and one is pending in the Civil Part of the Law Division, Docket No. ESX-L-2788-24. Therefore, the Assignment Judge of Essex County has jurisdiction of this Motion under R. 4:38-1.

The Court finds that the three pending actions arise out of the same transactions and events and involve common questions of law and fact arising out of an alleged consumer debtor account and attempted collections of the same. The Court also finds that the three actions involve parties Luis A. Rodriquez-Ocasio, Felicia Ann Earle, and LVNV Funding LLC. Because of this, the Court finds that the three actions will likely require substantially similar discovery, including many of the same documents and much of the same testimony. Moreover, the Court agrees with Essex County Plaintiffs in that if these actions were not consolidated, the claims raised in the Law Division action would likely be affected by the truncated procedure and limited discovery typically afforded in the Special Civil Part forum, as the claims in each action are inextricably related. Therefore, this Court finds that in the interest of avoiding duplicative work, preserving judicial resources, and preventing potential contradictory findings of fact and law, the above-captioned actions will be consolidated. Pursuant to R. 4:38-1, the consolidated action shall proceed in Essex County under the Law Division action, Docket No. ESX-L-6967-23.

For the foregoing reasons, Moving Defendant's Motion to Consolidate is **GRANTED**.

All discovery dates for the consolidated action will be determined by the trial court judge.

# STIPULATION

| | |
|---|---|
| LUIS A. RODRIGUEZ-OCASIO and FELICIA ANN EARLE, *on behalf of themselves and those similary situated,*<br><br>                        Plaintiffs,<br><br>v.<br><br>MHC RECEIVABLES LLC;<br>FNBM LLC;<br>CREDIT ASSET SALES LLC;<br>LVNV FUNDING LLC; and<br>JOHN DOES 1 TO 10,<br><br>                        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>Civil Action<br><br>Docket No.: ESX-L-2788-24<br><br>**STIPULATION** |

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the respective parties that the time of defendants, MHC Receivables LLC, FNBM LLC, Credit Asset Sales LLC and LVNV Funding LLC, to appear, answer, move, or otherwise respond to the Complaint is extended through and including June 25, 2024; and it is further

STIPULATED AND AGREED, that any defense to the complaint on the basis of service is hereby waived.

Dated: May 13, 2024

| | |
|---|---|
| */s/Yongmoon Kim*<br>Yongmoon Kim, Esq.<br>KIM LAW FIRM LLC<br>411 Hackensack Avenue, Suite 701<br>Hackensack, NJ 07601<br>(201) 273-7117<br>ykim@kimlf.com<br>*Attorneys for Plaintiffs* | */s/ Austin O'Brien*<br>Austin O'Brien, Esq.<br>J. ROBBIN LAW, PLLC<br>200 Business Park Drive, Suite 103<br>Armonk, NY 10504<br>(914) 685-5018<br>Austin.obrien@jrobbinlaw.com<br>*Attorneys for Defendants* |